Chad GIBSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 06A04–0903–CR–150.

Court of Appeals of Indiana.

Aug. 4, 2009.

Todd L. Sallee, Ladd Thomas Sallee Adams & Associates, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issue

Chad Gibson was charged with operating a motor vehicle while intoxicated ("OWI"), a Class A misdemeanor, on March 26, 2007. The trial court denied Gibson's subsequent motion for discharge pursuant to Criminal Rule 4(C) and, following a bench trial, found Gibson guilty as charged. Gibson appeals, raising the sole issue of whether the trial court erred in denying his motion for discharge. Concluding that Gibson was not brought to trial within one year, we reverse.

### Facts and Procedural History

Gibson was charged on March 26, 2007, with OWI. On that same date, an initial hearing was held at which a bench trial was scheduled for July 23, 2007. On April 18, 2007, the State filed an additional count of operating a vehicle with at least .15% blood alcohol content. An initial hearing on the additional count was held on April 30, 2007, and the July 23, 2007 bench trial remained scheduled. The Chronological

Case Summary ("CCS") reflects that on July 23, 2007, Gibson executed a waiver of right to counsel so that he and the State could consult about the case. The entry for July 23, 2007, states: "Parties appear for bench trial/status. Defendant is granted a continuance. Bench trial/status reset." Appellant's Appendix at 54. The case was reset for "bench trial/status" on November 5, 2007. Gibson testified at the hearing on his motion for discharge that when he appeared in court on July 23, 2007, he was greeted outside the courtroom by a representative of the prosecutor's office who had him sign a waiver of counsel form, gave him a plea agreement calling for him to serve one day in jail, and told him that he could either go before the court to accept the plea or speak with counsel and return on a later date. Gibson never entered the courtroom and did not ask, in writing or orally, for a continuance; however, because he was not prepared to accept a plea agreement that day, he was given the November court date.

The CCS reflects that on November 5, 2007, Gibson again executed a waiver of right to counsel and the "[p]arties appear for bench trial/status. Defendant is granted a continuance. Bench trial/status reset." *Id.* at 53. The case was reset for "bench trial/status" on February 11, 2008. Gibson testified that he came to court on that day prepared to accept the plea agreement previously tendered. He met with the deputy prosecutor and told her that he had a prior offense in Arizona. The deputy prosecutor revoked the previously tendered plea agreement that called for Gibson to serve one day and tendered another plea agreement that called for Gibson to serve five days in jail. Gibson told the deputy prosecutor that he wanted to speak with counsel and he was given the February court date. His case was never called, he never spoke to the trial judge,

and he never, either in writing or orally, requested a continuance.

The CCS reflects that on February 11, 2008, Gibson "phoned [the court] and wanted to know about a continuance for today's hearing. He is told it must be in writing. He wanted to know if an attorney called if that would make a difference. Court staff informed him he does not have an attorney listed on this case." *Id.* Gibson came to court and again filed a waiver of right to counsel. The CCS entry states, "Parties appear for bench trial/status. Defendant is granted a continuance. Bench trial/status reset [for May 5, 2008]." *Id.* Gibson testified that he called the court to see if his hearing "was gonna be a go." Transcript at 16. He came to court on February 11, 2008, prepared to accept the five-day plea agreement, but he wanted to speak with the deputy prosecutor about whether he could serve his time in Johnson County. The deputy prosecutor assigned to his case was not present, and the representative of the prosecutor's office that he spoke to was not able to answer Gibson's question about serving his time elsewhere and gave him the May court date. Gibson never entered the courtroom, never spoke to the trial judge, and never, either in writing or orally, asked for a continuance.

On May 5, 2008, Gibson again filed a waiver of right to counsel. "Parties appear for bench trial. Defendant requests cause be set for CONTESTED bench trial." Appellant's App. at 53 (emphasis in original). The request was granted and the case set for a contested bench trial on July 25, 2008. Gibson testified that May 5, 2008, was the first date since his initial hearing at which he appeared before the trial judge. He asked for a contested bench trial. To his knowledge, the State had never had any of its witnesses present on any of the previous dates, nor did it on this date. The trial court stated at the

4(C) .hearing that a "bench trial/status" date "is set as an opportunity for a Defendant to come in and meet with the prosecutor if he wishes to do so. He does not have to do so. And then to advise the Court if there has been an agreement reached or whether the Defendant wants a new trial date, if there is not an agreement." Tr. at 41–42. In response to Gibson's question whether it's "an official date to have the State bring in the officers," the trial court answered "No." *Id.* at 42. The trial court further stated that "either side may request a contested bench trial at any time during the proceedings and it will be set." *Id.*

At the State's request, a pre-trial conference in advance of the July 25, 2008, bench trial was set for July 15, 2008. At the pretrial conference, counsel entered an appearance for Gibson and filed a motion to vacate the bench trial and reset for trial by jury. The motion for jury trial was denied as untimely. The CCS entry for the pretrial conference indicates that Gibson's counsel "will file written motion for continuance of 7–25–08 bench trial setting. Cause will be reset for contested bench trial 10–10–08 . . . ." Appellant's App. at 52. Gibson did not file a written motion for continuance and on July 31, 2008, the trial court made a nunc pro tunc entry noting that the continuance had been conditionally granted based on counsel's assertion that he would file a written motion but that Gibson failed to file the motion or to appear for trial on July 25, 2008, granting Gibson's oral motion to continue, and setting the case for bench trial on October 10, 2008.

Also on July 31, 2008, Gibson filed a motion for discharge pursuant to Criminal Rule 4(C). A hearing was held on the motion on August 12, 2008. On August 25, 2008, the trial court issued an order denying Gibson's motion for discharge. The

bench trial was held as scheduled on October 10, 2008. The trial court took the matter under advisement and subsequently issued an order finding Gibson guilty as charged. He was sentenced to one year, all suspended to probation. Gibson now appeals the denial of his motion for discharge.

### *Discussion and Decision*

#### I. Indiana Criminal Rule 4(C)

■ Gibson argues that he was entitled to discharge pursuant to Criminal Rule 4(C) because the State failed to bring him to trial within one year from the filing of charges against him. Criminal Rule 4(C) states, in pertinent part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar. . . . Any defendant so held shall, on motion, be discharged.

The rule places an affirmative duty on the State to bring a defendant to trial within one year. *Cook v. State,* 810 N.E.2d 1064, 1065 (Ind.2004). The defendant is under no obligation to remind the State of its duty or to remind the trial court of the State's duty. *Staples v. State,* 553 N.E.2d 141, 143 (Ind.Ct.App.1990), *trans. denied.* The one-year period is extended by any delay attributable to the defendant, however. *Cook,* 810 N.E.2d at 1065–66. Whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee is a determination that "largely depends on the specific circumstances of the case." *Wheeler v. State,* 662 N.E.2d

192, 193 (Ind.Ct.App.1996). We review de novo a trial court's ruling on a Criminal Rule 4(C) motion. *Baumgartner v. State*, 891 N.E.2d 1131, 1133 (Ind.Ct.App.2008).

■■■■ A defendant extends the one-year period by seeking or acquiescing in delay resulting in a later trial date. *Pelley v. State*, 901 N.E.2d 494, 498 (Ind.2009). A defendant waives the right to be brought to trial within one year by failing to raise a timely objection if the trial court, acting during the one-year period, schedules the trial beyond the limit. *Id.* However, a defendant has no duty to object to the setting of a belated trial date if the setting occurs after the year has expired. *Id.*

## II. Delay Attributable to Gibson

Using the date the additional charge was filed against Gibson, the Rule 4(C) time period began to run at the latest on April 18, 2007. Barring any delay extending the time, the State was required to bring Gibson to trial by April 17, 2008. In its order denying Gibson's motion for discharge, the trial court found that the period from July 23, 2007 to February 11, 2008 was chargeable to Gibson because for the two "bench trial/status" hearings during that time, the CCS shows that "Defendant is granted a continuance" in each instance. The trial court also found that the period from May 5, 2008, to the ultimate trial date on October 10, 2008, was attributable to Gibson because on May 5, 2008, Gibson asked for a contested bench trial and "the court did as the defendant asked" and set a contested bench trial for July 25, 2008, appellant's app. at 22, and Gibson then requested a continuance of the July 25, 2008, contested bench trial setting, *id.* Thus, the trial court found that the one-year period had been extended past April 17, 2008, and that Gibson was timely tried on October 10, 2008.

The State relies on *Cook v. State*, in which our supreme court held that "when a defendant takes action which delays the proceeding, that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not." 810 N.E.2d at 1066–67. The State notes that the CCS shows Gibson was granted continuances on several occasions. We acknowledge that the CCS is the "official record of the trial court," Ind. Trial Rule 77(B), and that a trial court speaks through its docket. *Young v. State*, 765 N.E.2d 673, 678 n. 6 (Ind.Ct.App.2002). The CCS in this case does clearly state that "Defendant is granted a continuance" on July 23, 2007, November 5, 2007, February 11, 2008, and May 5, 2008. *See* Appellant's App. at 53–54. Whereas in *Cook* it was undisputed that the defendant requested five continuances, Gibson contends that the CCS in this case showing he was granted continuances is not an accurate record of what occurred.

In the analogous situation in which a defendant challenges a trial court's finding of court congestion as a reason for trying him outside the one-year period of Rule 4(C), we have held that although a trial court's finding of court congestion is presumed to be valid, a defendant may overcome this presumption by demonstrating that the finding of congestion was factually or legally inaccurate. *Alter v. State*, 860 N.E.2d 874, 877 (Ind.Ct.App.2007). Gibson testified at the discharge hearing that he never requested a continuance, and in fact appeared in court on two occasions prepared to accept the plea unilaterally offered by the State. When the plea was not able to be completed, the State was not prepared, nor was it expected to be prepared, to proceed to trial on those dates. In fact, on February 11, 2008, the prosecutor assigned to Gibson's case was not even present. The trial court acknowledged

that the "bench trial/status" hearings scheduled on July 23, 2007, November 5, 2007, February 11, 2008, and May 5, 2008, were basically pre-trial conferences for the purpose of plea negotiations that were never intended to be trial dates and that a trial date would be set only when either party requested one. *See* Tr. at 41–42. In fact, in finding that the case was continued from February 11, 2008, because the deputy prosecutor present on that date was not able to answer Gibson's question regarding whether his sentence could be served in another county and attributing the delay from February 11, 2008 to May 5, 2008, to the State, the trial court acknowledged that the CCS entry for that date was erroneous in stating that Gibson was granted a continuance. *See* Appellant's App. at 22. Gibson's testimony and the trial court's statements and findings belie the CCS entries stating that Gibson was granted a continuance on the relevant dates.

 Disregarding the CCS entries which we hold Gibson has shown to be factually inaccurate, there is no indication that Gibson ever did anything within the one-year period to prevent the State from bringing him to trial. To the extent the parties were engaged in plea negotiations, "[a]lmost every criminal case involves a simultaneous two-track process—a negotiation track and a litigation track and Criminal Rule 4(C) requires the State to be ever mindful of the one-year deadline." *Leek v. State*, 878 N.E.2d 276, 279 (Ind.Ct. App.2007). In *Leek*, the defendant requested a change of plea hearing which was set for July 12, 2005. The hearing did not take place, but the next CCS entry was not made until eleven months later, on June 7, 2006, indicating the case was reset for June 20, 2006. We held that the defendant's request for a change of plea hearing did not relieve the State of its duty to bring the defendant to trial within one year and in the absence of evidence show-

ing that defendant was responsible for the ensuing eleven-month delay, the trial court erred in denying the defendant's motion for discharge. *Id.* at 280. The trial court found *Leek* to be distinguishable from Gibson's case because it "did not sit idly by while the State and Gibson negotiated a possible plea agreement. The CCS entries . . . make clear that all but one of the re-settings . . . was the result of [Gibson's] action. . . . Neither [of the first two times Gibson appeared in court] did Gibson ask that his case be set for contested trial." Appellant's App. at 21–22. We do not agree with the trial court's determination for two reasons. First, as noted above, the CCS entries in this case were not reliable. Second, the trial court's decision effectively placed the burden on Gibson to ensure that he was brought to trial within one year. However, "a defendant does not abandon his right to a speedy trial when he engages in plea negotiations." *Leek*, 878 N.E.2d at 280. Until Gibson himself requested one, a trial date had never been scheduled, despite the State's affirmative duty to see that Gibson was tried within one year and its ability to request a trial date at any time. On May 5, 2008, when Gibson requested a contested bench trial be set, the one-year period had already run. Therefore, he had no obligation to object to the setting of the trial date. *See Pelley*, 901 N.E.2d at 498.

## Conclusion

Because the State did not bring Gibson to trial within one year of the date charges were filed, the trial court erred when it denied his motion for discharge pursuant to Criminal Rule 4(C).

Reversed.

DARDEN, J., and BAILEY, J., concur.