
FILED

Apr 22 2016, 5:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mitchele J. Harlan
Clark County Assistant Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Byron Tinker, and

Travis Kelley,

*Appellants-Defendants,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 22, 2016

Court of Appeals Case No.
10A01-1507-CR-999

Appeal from the Clark Circuit Court

The Honorable Bradley Jacobs, Judge

Trial Court Cause No.
10C02-1207-FD-974
10C02-1210-FC-245

**May, Judge.**

[1] On July 19, 2012, the State charged Byron Tinker[1] with one Class D felony and three Class A misdemeanors. On February 19, 2015, Tinker filed a motion to dismiss because he had not been brought to trial within the one year required by Criminal Rule 4(C). The trial court denied Tinker's motion, but certified that decision for interlocutory appeal. On appeal, Tinker argues the trial court erroneously assigned periods of time to him that should have counted against the State for Rule 4(C) calculations. We reverse and order the charges against Tinker dismissed with prejudice.

## Facts and Procedural History[2]

[2] Tinker was arrested on July 16, 2012. On July 19, 2012, the State charged him with Class D felony maintaining a common nuisance,[3] Class A misdemeanor dealing in marijuana,[4] Class A misdemeanor possession of marijuana,[5] and Class A misdemeanor possession of paraphernalia.[6] On July 31, 2012, the trial court appointed a public defender to represent Tinker and scheduled pretrial

---

[1] Travis C. Kelley's interlocutory appeal of the Clark Circuit Court's denial of his Criminal Rule 4(C) motion to dismiss was consolidated with Tinker's case for purposes of appeal. We dismissed Kelley's appeal because the charges against Kelley were resolved by a plea agreement.

[2] We heard oral argument March 15, 2015, in Evansville, Indiana. We thank the Evansville Bar Association for its hospitality, and we commend counsel on the quality of their advocacy.

[3] Ind. Code § 35-48-4-13(b) (2001).

[4] Ind. Code § 35-48-4-10 (2012).

[5] Ind. Code § 35-48-4-11 (effective March 15, 2012).

[6] Ind. Code § 35-48-4-8.3(b) (2003).

hearings on August 27 and September 26, an attorney conference on October 12, and trial on November 13, 2012.

[3] At the second pretrial conference on September 26, 2012, the parties reported Tinker had accepted a plea offer. (See Appellant's App. at 2 ("Offer made, accepted.").) The next CCS entry, for the Attorney Conference on October 12, 2012, states only: "TMC."[7] (Appellants' App. at 2.) The trial date, November 13, 2012, passed without a CCS entry.

[4] On January 8, 2013, the court's CCS entry indicated it was resetting the pretrial and trial dates "[b]y agreement of the parties." (*Id.*) The final pretrial was set for January 30, 2013; the final plea deadline was set for February 8, 2013; and trial was set for March 12, 2013. Those three dates passed without any additional CCS entries.

[5] The next CCS entry is on April 2, 2013, when the court reset the final pretrial conference for May 1, the final plea deadline as May 17, and the trial on June 11, 2013. Those dates also passed without any CCS entries.

[6] The next CCS entry is on July 30, 2013, when the court set the final pretrial conference for August 28, a status conference for September 18, and a trial for October 1, 2013. The CCS indicates the parties appeared on August 28 and

---

[7] We were unable to find an explanation in the record for the abbreviation "TMC," but Appellant's Counsel clarified at oral argument that it meant "Trial Management Conference."

"Plea offer outstanding." (*Id.*) The dates for status conference and trial passed without CCS entries.

[7] The next CCS entry is 391 days later, on September 23, 2014. On that date, the court set pretrial conferences for November 3, 2014, and December 3, 2014, a status conference for January 14, 2015, and trial for January 27, 2015. The prosecutor and defense counsel appeared on November 3, 2014, but "Def. not present. Dates remain set." (*Id.*) The CCS entry for the pretrial conference on December 3, 2014, states:

> State by DPA Michaelia Gilbert. Def. by Defense Counsel Mitch Harlan. Both counsel unavailable due to quantity of cases on the docket. Dates remain set.

(*Id.*) A CCS entry for the January 14, 2015, status conference indicates:

> State present by DPA Gilbert. Jury trial is set for 1/27/15. Counsel has not had contact with defendant in some time. State requests warrant for FTA for Final Plea Deadline.

(*Id.*) No CCS entry occurred on January 27, 2015, when the trial was scheduled.

[8] On February 19, 2015, Tinker filed a motion to dismiss the charges against him because the State had not brought him to trial within the 365 days required by Criminal Rule 4(C). The trial court denied Tinker's motion in a CCS entry that stated: "Court waives/denies Motion for CR4, due to untimely filed objection."

(*Id*. at 14.)  At the end of the hearing on Tinker's motion, the judge provided a

more detailed explanation:

> I'm going to deny the Motion.  I'm going to set out the factors
> here, so that it uh it's a Final Order and Mr. Tinker if you wanted
> to pursue an Appeal [sic], you've definitely a right to do so.  Um
> what I've got is the Advice of Rights, something happened on
> July 31st, assume that's the Advice of Rights and it attaches.
> Once the Plea Offer was accepted on September 26th, I'm going
> to find that at that point any delay is attributed to Mr. Tinker.
> Um by either the misrepresentation or misunderstanding, but the
> State relied on his ab- uh his statement of some sort that he was
> going to accept the Plea Agreement.  Uh I begin it again March
> 12, 2013, when the Jury Trial that had been reset um basically
> just came and went.  Any delay between September 2012 and
> March . . . 2013, I did find the delay is attributed to Mr. Tinker
> for uh attempting at least to accept the Plea.  Then uh March 12th
> until [June] 11th, I'm going to give to Mr. Tinker, and that comes
> to 91 actual days.  And then from June 11th when that Trial
> comes and goes and no action is taken to October 1st, I also give
> to Mr. Tinker, that's 112 actual days.  The problem we run into,
> and this, Mr. Tinker, this is no fault of your attorney, um it really
> this is almost impossible to do correctly but October 1st is when
> the Jury Trial came and went, clearly that's nothing that was
> caused by your [sic] the delay was not caused by you, however,
> uh it was January 27th until the next actionable date, and that was
> your next Trial Date I believe, there's no objection made in time
> for the State to try you within the 365 days.  What's required
> with CR4 is that the State bring you to Trial, but more
> importantly in this case, is that you have to object to a Trial
> setting outside of that 365 days.  January 27th was your Jury Trial
> date, um and so at that point that would have put you over the
> 365, but again your Trial for some reason was lost again.  And
> since an objection was not made, I can't give you credit from
> those days, from October 1st to January 27th, 2015.  The the [sic]
> part that I struggled with over the last few days researching the

case is there is no clear direction when that objection is not made, the CR4 is waived, but how many of those days are waived. And Mr. Harlan, if you do Appeal [sic], I would suggest you pursue that. How many of those days are waived? I think if I picked anything other than zero, it's arbitrary. Um so then when the objection is made in February . . . 20th, . . . I would be inclined to find that uh absent that requirement to object within a reasonable time, all that time would have been attributable, and but from [January 27 to February 20] I would give Mr. Tinker time for that, but that's only 24 days and we're not at 365. So, I think the issue would be between October 1, 2013 and January 27, 2015 that's where the error may lie, if I'm making error, but uh the cases I've found are pretty clear that the objection has to be made in a timely manner, I can't say that that was done.

(Tr. of Proceedings, *State v. Byron Tinker*, May 27, 2015 (hereinafter "Tr.") at 3-5.)[8] At Tinker's request, the trial court certified its order for interlocutory appeal, and we accepted jurisdiction.

# Discussion and Decision

[9] Indiana Rule of Criminal Procedure 4(C) provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was

---

[8] We direct the Official Court Reporter of Clark Circuit Court No. 2 to Indiana Appellate Rule 28(A)(2), which explains that the "pages of the Transcript shall be numbered consecutively regardless of the number of volumes the Transcript requires." We were provided a single volume of transcript for Tinker's appeal that contains two hearings, and the pages for each hearing were separately numbered.

not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

[10] Rule 4(C) places an affirmative duty on the State to bring a defendant to trial within one year. *Gibson v. State*, 910 N.E.2d 263, 266 (Ind. Ct. App. 2009). "[T]he focus of Criminal Rule 4 is not fault; it is to ensure early trials." *Curtis v. State*, 948 N.E.2d 1143, 1151 (Ind. 2011). Rule 4 exists to effectuate "a criminal defendant's fundamental and constitutionally protected right to a speedy trial." *Austin v. State*, 997 N.E.2d 1027, 1037 (Ind. 2013). Nevertheless, it "is not intended to be a mechanism for providing defendants a technical means to escape prosecution." *Id*.

[11] Our standard for reviewing the trial court's determination on a Rule 4 motion depends on the type of decision made by the trial court. If there were no disputed facts and the trial court needed only to apply the law to those undisputed facts, then our "standard of review—like for all questions of law—is *de novo*." *Austin*, 997 N.E.2d at 1039. However, if the trial court made factual findings regarding court congestion or emergency, for example, based on disputed facts, then we review for clear error. *Id*. at 1040. Under that standard,

[w]e neither reweigh the evidence nor determine the credibility of witnesses. We consider only the probative evidence and reasonable inferences supporting the judgment and reverse only on a showing of clear error. Clear error is that which leaves us with a definite and firm conviction that a mistake has been made.

*Id.* (internal citations and quotations omitted).

[12] Tinker was arrested on July 16, 2012, and the State filed charges against him on July 19, 2012. Thus, the one-year period in which he needed to be tried began to run on July 19, 2012. *See* Crim. R. 4(C) ("one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later").

[13] Sixty-nine days later, on September 26, 2012, the parties appeared at a pretrial conference and informed the court that a plea had been offered and accepted. The November 13 trial date remained on the court's calendar, but no proceedings occurred. Then, on January 8, 2013, by "agreement of the parties the Court now resets" trial for March 12, 2013. (Appellant's App. at 2.)

[14] The trial court assigned the 167 days between September 26, 2012, and March 12, 2013, to Tinker. On appeal, Tinker concedes he is responsible for "the period from when the notation at a pretrial conference that there is an agreement, until the end of the new trial date setting . . . [because] [d]uring that period, the defendant did not act in a way consistent with the speedy trial rule." (Appellants' Br. at 10.) We accept Tinker's concession and assign those 167 days to him.

[15] In its explanation at the hearing, the trial court mentioned the time before the plea was accepted on September 26, 2012, but it did not seem to explicitly determine whether those sixty-nine days should be assigned to Tinker. On appeal Tinker argues, and the State conceded at oral argument, those days should count against the one year in which Tinker needed to be tried. Thus, by agreement of the parties, as of March 12, 2013, sixty-nine days of the year in which Tinker needed to be tried had elapsed.

[16] The next time period to be considered is the 203 days between March 12, 2013, and October 1, 2013. The trial court assigned all of this time to Tinker and noted, for at least part of that time, "no action is taken." (Tr. at 4.) Tinker argues the trial court erred by assigning this time to him because he was not required to take any action to move his case to trial. The State argues that, although the record before us provides no justification for assigning those days to Tinker, we should remand to allow the trial court to explain why it assigned those days to Tinker.[9] We decline the State's invitation to remand.

[17] The one year deadline for bringing a defendant to trial is extended if the defendant requested the continuance, if the defendant's act caused the continuance, or if an emergency or court congestion caused the delay. Crim. R.

---

[9] The State also asks us to rely on evidence "not contained in the record as currently constituted." (State's Br. of Appellee at 9 n.3.) Specifically, the Deputy Attorney General asks us to rely on her conversation with a Clark County deputy prosecutor about a proposed minute entry regarding Tinker's alleged absence from a pre-trial conference on September 18, 2013, which was submitted but the court did not docket. "This argument relies on evidence not in the record, and we thus decline to address it." *Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1258 (Ind. Ct. App. 2012).

4(C). "Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time." *Id.* We have held the same expectation should apply – the entry of a timely order in the court's record – to justify charging a delay to a defendant:

> Reviewing courts may not attribute delays in proceeding to trial to the defendant where the record is void regarding the reason for the delay. Where docket entries are absent or missing regarding the reason for a delay, the delay is not chargeable to the defendant.

*Alter v. State*, 860 N.E.2d 874, 878 (Ind. Ct. App. 2007) (internal citations omitted) (charging unexplained delays to the State for Criminal Rule 4(C) calculations).

[18] Tinker's case was scheduled to be tried on March 12, 2013, June 11, 2013, and October 1, 2013. Although Indiana Trial Rule 77(B) requires that, "The judge of the case shall cause Chronological Case Summary entries to be made of all judicial events," all of those scheduled dates for Tinker's trial passed without a CCS entry to explain why the case was not tried. Pursuant to *Alter*, we may not remand for the trial court to explain those delays at this late date, as the record already should have contained the support required to determine their proper assignment. *Id.* at 879; *see also* T.R. 77(B) ("Notation of judicial events in the Chronological Case Summary shall be made promptly, and shall set forth the date of the event and briefly define any documents, orders, rulings, or judgments filed or entered in the case."). Thus, the 203 days that passed

between March 12, 2013, and October 1, 2013, are included in the 365-day deadline.

[19] As of October 1, 2013, 272 (*i.e.*, 69+203) of the 365 days in which Tinker needed to be tried had passed. The next action taken in the State's cause against Tinker was 357 days later on September 23, 2014, when the trial court set trial for January 27, 2015. The trial court assigned those 357 days to Tinker because "there's no objection made in time for the State to try you within the 365 days." (Tr. at 4.) That determination was also error.

[20] Indiana law provides:

> A defendant waives his right to be brought to trial within the period by failing to raise a timely objection if, during the period, the trial court schedules trial beyond the limit. However, a defendant has no duty to object to the setting of a belated trial date if the setting occurs after the year has expired.

*Pelley v. State*, 901 N.E.2d at 494, 498-99 (Ind. 2009) (internal citations omitted). Thus, Tinker had an obligation to object only if, during the 365 day period, the court scheduled a new trial outside the 365 day period.

[21] On September 23, 2014, the court rescheduled trial for 2015. 357 days had passed since the court's prior action on October 1, 2013, at which point 272 days had passed. As such, by the court's act in September of 2014, 629 days had passed. There was no occasion on which, during the one-year period, the court attempted to reset trial outside the one-year period. Therefore, the trial court erred when it found Tinker had a duty to object.

The 357 days between October 1, 2013, and September 23, 2014, count against the one-year period and, when added to the days that had accrued prior to October 1, 2013, result in more than 365 days passing without Tinker being tried for his crimes. "Because the State did not bring [Tinker] to trial within one year of the date charges were filed, the trial court erred when it denied his motion for discharge pursuant to Criminal Rule 4(C)." *Gibson*, 910 N.E.2d at 268.

## Conclusion

We reverse the court's decision and order the charges against Tinker dismissed with prejudice.

Reversed and remanded.

Baker, J., and Najam, J., concur.