## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 29 2016, 9:09 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Paula M. Sauer | Gregory F. Zoeller |
| Danville, Indiana | Attorney General of Indiana |
| | Brian Reitz |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Todd A. Brown, | June 29, 2016 |
| *Appellant-Defendant*, | Court of Appeals Case No. 32A05-1510-CR-1748 |
| v. | Appeal from the Hendricks Superior Court. The Honorable Mark A. Smith, Judge. |
| State of Indiana, | Cause No. 32D04-1211-FC-146 |
| *Appellee-Plaintiff*. | |

**Shepard, Senior Judge**

[1] Appellant Todd Brown missed a pre-trial conference on the charge of driving while privileges are forfeited for life. He contends, and the record validates, that the prosecutor, the court, and his lawyer had reason to believe (including a letter Brown sent the court) that his failure to appear was due to being

incarcerated in the county next door. More than a year passed without any action on the case.

[2] Brown contends his lawyer rendered ineffective assistance by failing to move for discharge under Criminal Rule 4.

## Facts and Procedural History

[3] The State charged Brown on November 13, 2012, and at Brown's initial hearing the same day, the trial court set a pre-trial conference for January 2, 2013. At the pre-trial conference in January, Brown requested a continuance, which the court granted. It rescheduled the pre-trial for March 6, 2013. At the March conference, Brown again requested a continuance, and the court rescheduled the pre-trial conference for April 10, 2013. On April 8, 2013, Brown filed a motion to continue, requesting that the pre-trial conference be re-set in sixty days. The court granted Brown's motion and re-set the pre-trial conference for June 5, 2013.

[4] Brown's counsel appeared on June 5, but Brown did not. The court issued a warrant for Brown's arrest. Following the June 2013 pre-trial conference entry and two inconsequential entries regarding the issuance of the warrant, there are no entries in the CCS for over a year. The warrant was served on Brown on June 13, 2014. On June 16, 2014, Brown appeared in court via video link from the county jail. At that time, the trial court set a pre-trial for August 5, 2014. From that date forward there were several pre-trial hearings and continuances

ultimately concluding in a jury trial on August 25, 2015, at which Brown was found guilty as charged.

## Issue

Brown raises two issues, one of which is dispositive: whether his trial counsel was ineffective for failing to request his discharge pursuant to Indiana Criminal Rule 4(C).

## Discussion and Decision

To prevail on a claim of ineffective assistance, a defendant must establish both (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defendant. *Johnson v. State*, 948 N.E.2d 331 (Ind. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). To satisfy the first element, the defendant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's errors were so serious that the defendant was denied the counsel guaranteed by the Sixth Amendment. *Bethea v. State*, 983 N.E.2d 1134 (Ind. 2013). To satisfy the second element, the defendant must show prejudice; that is, a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* There is a strong presumption that counsel rendered effective assistance, and the defendant has the burden of overcoming this presumption. *Harris v. State*, 762 N.E.2d 163 (Ind. Ct. App. 2002), *trans. denied*.

[7]     Specifically, Brown bases his claim on counsel's failure to move for discharge under Indiana Criminal Rule 4(C). Criminal Rule 4(C) sets forth a one-year time limit for bringing a defendant to trial that begins to run on the date the defendant is arrested or charged with a crime, whichever is later. The rule places an affirmative duty on the State to bring a defendant to trial within one year. *Gibson v. State*, 910 N.E.2d 263 (Ind. Ct. App. 2009). The defendant is under no obligation to remind the State of its duty or to remind the trial court of the State's duty. *Id.*

[8]     Here, the State filed charges against Brown on November 13, 2012. Pursuant to Criminal Rule 4(C), the State needed to bring Brown to trial by November 13, 2013. Between the date charges were filed and the June 5, 2013 pre-trial conference where Brown failed to appear, three continuances caused delays attributable to Brown. *See id.* (defendant extends one-year period by seeking or acquiescing in delay resulting in later trial date). In this case, Brown's continuances extended the one-year trial period by 154 days, thereby making a trial necessary, pursuant to Criminal Rule 4(C), by April 16, 2014.

[9]     At the June 5, 2013 pre-trial conference, Brown failed to appear, and the CCS reflects no settings by the trial court from June 5, 2013 to June 16, 2014 when Brown next appeared in court over a year later. By June 16, 2014, the one-year period in which to bring Brown to trial had passed. At the June 2014 hearing, the trial court set a pre-trial conference for August 5, 2014, and it is at this point that Brown alleges his counsel should have moved for discharge.

[10] A defendant waives the right to be brought to trial within one year by failing to raise a timely objection if the trial court, acting *during* the one-year period, schedules the trial beyond the time limit. *Id.* By contrast, a defendant has no duty to object to the scheduling of a belated trial date if the scheduling occurs *after* the year has expired. *Id.* Rather, in that situation, the defendant need merely move for discharge. *Pearson v. State*, 619 N.E.2d 590 (Ind. Ct. App. 1993); *see also Young v. State*, 765 N.E.2d 673 (Ind. Ct. App. 2002). Thus, Brown is correct that his trial counsel should have moved for his discharge at the June 2014 hearing or soon thereafter.[1]

[11] Of course, a defendant cannot be allowed simply to abscond for a year and then seek to benefit from his absence by invoking Rule 4. *See, e.g.*, *Feuston v. State*, 953 N.E.2d 545 (Ind. Ct. App. 2011) (explaining that when defendant absconds, ensuing delay is caused by his act and Criminal Rule 4(C) clock is tolled until court and State have actual knowledge of his whereabouts), *declined to follow on other grounds by Austin v. State*, 997 N.E.2d 1027 (Ind. 2013); *see also Werner v. State*, 818 N.E.2d 26 (Ind. Ct. App. 2004) (defendant, whose case is midstream in one county and who is subsequently arrested on unrelated charges in another county, must provide formal written notice of his incarceration to court and State to avoid tolling of one-year time limit), *trans. denied*.

---

[1] Although the CCS shows that Brown appeared without counsel at the June 16, 2014 hearing, it also documents notice of the August pre-trial conference setting to Brown's counsel two days later on June 18, 2014.

[12] We thus have examined what the State and the trial court knew concerning Brown's whereabouts. Brown's unchallenged contention is that the State and the trial court had knowledge of his whereabouts when he failed to appear for the June 2013 pre-trial. At the conference on June 5, 2013, Brown's counsel explained to the court he had "a strange feeling that possibly Mr. Brown . . . could be in the Marion County Jail." Tr. p. 19. At the hearing on June 16, 2014, the *State* confirmed to the court what defense counsel suspected in June 2013: "It looks like, uh, prior to the failure to appear that he did send a letter to the court advising that he was incarcerated." *Id.* at 27.

## Conclusion

[13] We conclude that Brown's counsel performed deficiently in failing to move for discharge. Accordingly, we reverse Brown's conviction and order that he be discharged.

[14] Reversed and remanded with instructions.

Najam, J., and Mathias, J., concur.