# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2019, 7:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Denise L. Turner
DTurner Legal, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason M. Middleton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 31, 2019

Court of Appeals Case No.
19A-CR-512

Appeal from the Shelby Circuit Court

The Honorable Trent E. Meltzer, Judge

Trial Court Cause No.
73C01-1806-F6-293

**Mathias, Judge.**

[1]   Following a jury trial in Shelby Circuit Court, Jason M. Middleton ("Middleton") was convicted of Level 6 felony counterfeiting and sentenced to

twenty-five months of incarceration. Middleton appeals and claims that the trial court erred by denying his Criminal Rule 4(B) motion to dismiss.

[2] We affirm.

## Facts and Procedural History

[3] On December 20, 2017, the State charged Middleton in Cause No. 73D01-1712-F3-22 ("Cause No. F3-22") with Level 3 felony kidnapping while armed with a deadly weapon, Level 3 felony criminal confinement while armed with a deadly weapon, Level 5 felony battery resulting in serious bodily injury, and Level 6 felony strangulation. Middleton entered into a plea agreement in that cause on March 26, 2018. Pursuant to the terms of this agreement, Middleton pleaded guilty to the battery and strangulation charges, and the State dismissed the remaining charges. The trial court sentenced Middleton to an aggregate term of ten years in that cause.

[4] On June 11, 2018, the State charged Middleton in the present cause, Cause No. 73C01-1806-F6-293 ("Cause No. F6-293") with Level 6 felony counterfeiting, alleging that he submitted a forged document to the court in Cause No. F3-22.[1] A warrant was issued for his arrest the next day. At the initial hearing held on August 7, 2018, Middleton orally requested a fast and speedy trial. The trial

---

[1] The State alleged that Middleton, in his post-trial motion to set aside his conviction in Cause No. F3-22, included a fraudulently file-stamped copy of a motion for a speedy trial in that case.

court therefore set an initial trial date of October 9, 2018, and appointed counsel for Middleton.

[5] On September 24, 2018, the State filed a combined motion to continue and motion to release Middleton on his own recognizance. In this motion, the State requested a continuance due to the ongoing plea negotiations between Middleton and the State. Also on September 24, 2018, Middleton filed a pro se motion seeking to discharge his appointed counsel and be appointed different counsel. In this pro se motion, Middleton objected to any trial date other than October 9.

[6] The following day, the trial court granted the State's combined motion to continue and to release Middleton on his own recognizance. In its order granting the State's motion, the trial court set a new trial date of December 10, 2018. Middleton did not object to this continuance or to the new trial date. Even though the trial court granted the State's motion to release Middleton on his own recognizance in the present case, Middleton remained incarcerated as a result of the sentence imposed in Cause No. F3-22.

[7] The trial court held a hearing on Middleton's pro se motion for new counsel on October 9, 2018, and, two days later, referred Middleton to the county public defender's office for reassignment of counsel. A new public defender filed an appearance on Middleton's behalf on October 12, 2018. This new counsel made no objection to the State's previous request for a continuance.

[8] Instead, on December 6, 2018, Middleton, by counsel, filed a motion to dismiss claiming that his trial had not been held within seventy days as required by Criminal Rule 4(B). The trial court denied this motion the same day, noting that Middleton had been released on his own recognizance in the present cause, the Level 6 felony counterfeiting charge, on September 25, 2018. The court therefore concluded that Criminal Rule 4(B) was inapplicable.

[9] As scheduled, a jury trial was held on December 10, 2018, at the conclusion of which the jury found Middleton guilty of Level 6 felony counterfeiting. On December 20, 2018, the trial court sentenced Middleton to twenty-five months of incarceration, to be served consecutively to the sentence previously imposed in Cause No. F3-22. Middleton did not timely file a notice of appeal.

[10] On March 4, 2019, Middleton filed a petition for permission to file a belated notice of appeal. The trial court granted this petition the same day, and Middleton filed a belated notice of appeal on March 6, 2019. On June 12, 2019, Middleton filed a motion in this court to stay the appeal and remand to the trial court. We granted this motion on June 24, 2019, and ordered Middleton to file a belated motion to correct error within five days of our order.

[11] That same day, Middleton filed in the trial court a "Verified Trial Rules 59 and 60 Belated Motion to Correct Error and Set Aside Judgment." Appellant's App. p. 44. Attached to his motion, Middleton submitted Shelby County Jail records that showed him as having "[n]o bond" in the present case. Appellant's App. p. 54. The jail records also show that there was a Department of Correction

("DOC") "Hold for Plainfield" for Middleton with "[n]o bond" based on his prior conviction in Cause No. F3-22. *Id.* The jail records state that Middleton was held in the Shelby County Jail from his arrest on August 7, 2018 until he was transferred back to the custody of the DOC on December 21, 2018. *Id.* Middleton therefore argued that, despite the trial court's order releasing him on his own recognizance, he was never actually released in the present case and that the time limits of Criminal Rule 4(B) were applicable. The trial court denied Middleton's motion to correct error on July 3, 2019, again concluding that "Criminal Rule 4(B) was not available to Defendant because he was not incarcerated on the pending charge." Appellant's App. p. 62. Middleton now appeals.

## Standard of Review

Our standard for reviewing a trial court's ruling on a Criminal Rule 4 motion depends on the nature of decision made by the trial court. *Tinker v. State*, 53 N.E.3d 498, 502 (Ind. Ct. App. 2016). If the trial court's decision was based on undisputed facts, then our review is, like for all questions of law, de novo. *Id.* (citing *Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013)). If, however, the court made factual findings regarding such things as court congestion or emergency, then our review is for clear error. *Id.* (citing *Austin*, 997 N.E.2d at 1040). Under a review for clear error, we neither reweigh the evidence nor determine the credibility of witnesses and instead consider only the probative evidence and reasonable inferences supporting the trial court's ruling. *Id.* We will reverse only

upon a showing of error that "'leaves us with a definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Austin*, 997 N.E.2d at 1040).

## Criminal Rule 4(B)

[13] Both the Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution protect the right of an accused to a speedy trial. *Cundiff v. State*, 967 N.E.2d 1026, 1027 (Ind. 2012). In Indiana, the constitutional right to speedy trial is generally implemented by Criminal Rule 4(B),[2] which provides in relevant part that "[i]f any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days of such motion." Crim. Rule 4(B)(1). "It is well established that Criminal Rule 4 places an 'affirmative duty' on the State to bring a defendant to trial." *Cundiff*, 967 N.E.2d at 1028 (quoting *Curtis v. State*, 948 N.E.2d 1143, 1151 (Ind. 2011)). "By the same token, the purpose of Criminal Rule 4 is not to provide defendants with a technical means to avoid trial but rather to assure speedy trials." *Id.* (citing *Loyd v. State*, 272 Ind. 404, 410, 398 N.E.2d 1260, 1266 (1980)).

[14] Although a defendant has no obligation to remind the State of this duty or to remind the trial court of the State's duty, *State v. Jackson*, 857 N.E.2d 378, 380 (Ind. Ct. App. 2006), a defendant must still object "at his earliest opportunity,

---

[2] Although Criminal Rule 4 implements a defendant's constitutional right to a speedy trial, courts review claims of Criminal Rule 4 violations separately and distinctly from claims of the constitutional right to a speedy trial. *Logan v. State*, 16 N.E.3d 953, 958 (Ind. 2014).

to a trial setting that is beyond the seventy-day time period[.]" *Hill v. State*, 777 N.E.2d 795, 797–98 (Ind. Ct. App. 2002), *opinion on reh'g*. "A defendant who permits the court, without objection, to set a trial date outside the 70–day limit is considered to have waived any speedy trial request." *Hahn v. State*, 67 N.E.3d 1071, 1080 (Ind. Ct. App. 2016), *trans. denied*.

# Discussion and Decision

[15] Middleton argues that the trial court erred by denying his motion for discharge and his motion to correct error, having claimed in both that he was not brought to trial within the seventy-day time limit set forth in Criminal Rule 4(B). We disagree.

## I. Waiver

[16] Middleton was arrested in the present case on August 7, 2018. At the initial hearing held the day of his arrest, Middleton requested a speedy trial. Pursuant to Criminal Rule 4(B), Middleton had to be brought to trial within seventy days of this request, i.e., no later than October 16, 2018. The trial court set an initial trial date of October 9, 2018, within this time limit. On September 24, 2018, prior to the scheduled trial date, the State filed a motion to continue the trial. The trial court granted the State's motion to continue and set a new trial date of December 10, 2018, which was outside the seventy-day time limit of Criminal Rule 4(B). Middleton, however, did not object to the continuance or the new trial date.

[17] Thus, the trial court, acting within the seventy-day time limit of Criminal Rule 4(B), set the trial for a date outside the seventy-day time limit, but Middleton did not object. He therefore waived his claim to a speedy trial. *See Hahn*, 67 N.E.3d at 1080 (holding that defendant waived his speedy trial request when his counsel failed to object to the trial date at the pre-trial conference where the court set the trial date); *see also Goudy v. State*, 689 N.E.2d 686, 691 (Ind. 1997) ("A defendant who permits the court, without objection, to set a trial date outside the seventy day limit will be deemed to have acquiesced therein."); *cf. Ratliff v. State*, 132 N.E.3d 41, 43 (Ind. Ct. App. 2019) (noting that, under Criminal Rule 4(C), "[w]hen a trial court, during the one-year period, schedules a trial date outside of the one-year period, the defendant must object in order to give the trial court an opportunity to cure its mistake."), *trans. pending*.[3]

[18] Our conclusion is not altered by the fact that Middleton filed a pro se motion on September 24, 2018, seeking new counsel and objecting to any trial date other than October 9, 2018. This pro se motion was filed while Middleton was still represented by counsel, and a trial court may, in its discretion, refuse to consider pro se filings by parties represented by counsel. *See Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000) ("[O]nce counsel was appointed, Defendant spoke to the court through counsel. The trial court was not required to respond to Defendant's request [for a speedy trial] or objection [to counsel's request for a

---

[3] Middleton's citation to *Jackson v. State*, 663 N.E.2d 766 (Ind. 1996), is unavailing. In that case, defense counsel "strenuous[ly]" objected when the trial court continued the trial date to one outside the seventy-day time limit of Criminal Rule 4(B). *Id.* at 768. Here, Middleton's counsel made no such objection, and *Jackson* is therefore not controlling.

continuance."); *Hill v. State*, 773 N.E.2d 336, 342 (Ind. Ct. App. 2002) (holding that defense counsel's failure to object to a continuance acted to waive defendant's speedy trial request even though defendant personally objected to the continuance and requested to go to trial on the originally scheduled trial date), *aff'd in relevant part on reh'g, trans. denied*.

## II. Criminal Rule 4(B) Inapplicable

[19] Even if Middleton did not waive his right to be tried within seventy days, he would still not prevail in his claim that the trial court erred in denying his motion for discharge. As found by the trial court, Middleton was released on his own recognizance in the present case. "Once released from custody, a defendant receives no further benefit from Crim. R. 4(B)." *Parker v. State*, 965 N.E.2d 50, 52 (Ind. Ct. App. 2012) (citing *Williams v. State*, 631 N.E.2d 485, 486 (Ind. 1994)), *trans. denied*. "Instead, a non-incarcerated defendant's right to a speedy trial is implemented by the one-year limitation period contained in Crim. R. 4(C)." *Id.* (citing *Williams*, 631 N.E.2d at 487).

[20] Middleton notes that, although the trial court granted the State's motion to release him on his own recognizance, he remained in jail. But the reason Middleton remained in jail was because there was a DOC hold on him based on his ten-year sentence in Cause No. F3-22. That is, Middleton was not being detained *in the present case* after the trial court's order releasing him on his own recognizance; he was being detained for the sentence in the *prior* case.

[21] "[F]or Rule 4(B) to apply, the defendant must be incarcerated *on the charge for which he seeks a speedy trial*, and as long as that requirement is met, the availability of Rule 4(B) is not affected if the defendant is also incarcerated on other grounds." *Cundiff*, 967 N.E.2d at 1031 (citing *Poore v. State*, 685 N.E.2d 36, 40 (Ind. 1997)). Here, after the trial court released Middleton on his own recognizance, Middleton was no longer incarcerated on the charge for which he sought a speedy trial, and Criminal Rule 4(B) was therefore inapplicable.

[22] Middleton seeks to distinguish his case from *Cundiff*, noting that the defendant in that case was arrested and then posted bond. While out on bond, he was arrested for a probation violation in an unrelated case. While in custody for the probation violation, Cundiff requested a speedy trial in the case in which he had been released on bond. Our supreme court held that Criminal Rule 4(B) was inapplicable because Cundiff was not incarcerated on the charge for which he sought a speedy trial. *Id.*

[23] Here, Middleton notes that he was incarcerated in one case, later charged in the present case, subsequently "released" in the present case, but remained incarcerated in the first case. We think this to be a distinction from the facts of *Cundiff* without a meaningful difference. The relevant facts of this case and *Cundiff* are similar: in both cases the defendants sought a speedy trial but were not incarcerated on the charge for which they sought a speedy trial. Thus, Criminal Rule 4(B) is inapplicable.

[24] Middleton nevertheless argues that, despite the trial court's order releasing him on his own recognizance, he was still being detained on the charges in the present case. In support of this argument, he notes that the Shelby County Jail records show that he was held with "no bond" in the present case. Appellant's App. p. 54. He also claims that, although the trial court granted the State's motion to release Middleton on his own recognizance, "it failed to make a specific directive regarding Middleton's custody/release status." Appellant's Br. p. 10. We are not persuaded.

[25] Perhaps the trial court's order granting the State's motion to release Middleton on his own recognizance could have explicitly ordered the jail to release Middleton on his own recognizance in the present case. But this would not have meant that the jail would have actually released him, as there was still a DOC hold on him due to his incarceration in Cause No. F3-22. Moreover, we think it relatively straightforward that the trial court's order granting the State's motion "to release the defendant on his own recognizance" acted to release Middleton from incarceration on the charges in the present case only. That the jail records fail to note this is not dispositive.

[26] The bottom line is that the trial court granted the State's motion to release Middleton on his own recognizance in the present case, and after this order, Middleton was no longer incarcerated as a result of the charges in the present case. He was instead being held based on the sentence in the prior case. Because he was not being held on charges in the present case, Criminal Rule 4(B) was inapplicable. *Cundiff*, 967 N.E.2d at 1031.

# Conclusion

Middleton waived his right to a speedy trial by failing to object when the trial court continued the trial to a date outside the seventy-day time limit of Criminal Rule 4(B). This waiver notwithstanding, Criminal Rule 4(B) was inapplicable after the trial court ordered Middleton released on his own recognizance in the present case, despite the fact that he remained in jail due to his sentence in a prior case. Thus, the trial court did not err by denying Middleton's motion to dismiss or his motion to correct error. We therefore affirm the judgment of the trial court.

Affirmed.

Robb, J., and Pyle, J., concur.