


FILED

Sep 04 2024, 9:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Jonathan L. Crabb,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

September 4, 2024

Court of Appeals Case No.
24A-CR-886

Appeal from the Vigo Superior Court

The Honorable Robert A. Pell, Special Judge

Trial Court Cause No.
84D03-2107-F3-2474

---

**Opinion by Judge Vaidik**
Judges Weissmann and Foley concur.

**Vaidik, Judge.**

## Case Summary

[1] Jonathan L. Crabb moved for discharge under Indiana Criminal Rule 4(C), claiming the State failed to bring him to trial within one year of being charged. The trial court denied his motion, and he was convicted of Level 3 felony aggravated battery. Crabb now appeals the denial of his motion for discharge. Finding the State failed to bring Crabb to trial within one year of being charged, we reverse the trial court and remand with instructions to vacate his conviction.

## Facts and Procedural History

[2] On July 28, 2021, the State charged Crabb in Vigo County with several felony offenses for disarming, battering, and resisting a law-enforcement officer with the Vigo County Sheriff's Office. Judge Robert A. Pell from neighboring Clay County was appointed special judge. According to Criminal Rule 4(C), Crabb was required to be tried no later than July 28, 2022, unless the period was extended by delays caused by Crabb, court congestion, or emergency.

[3] The parties agree that the 4(C) clock began running on July 28, 2021, when Crabb was charged, and stopped 247 days later on April 1, 2022, when Crabb requested a competency evaluation. The parties also agree that the 4(C) clock restarted on October 25, 2022, when Crabb was returned to the Vigo County

Jail after his competency was restored.[1] As of that date, the State had 118 days to try Crabb. *See* Appellant's Br. p. 14; Appellee's Br. p. 10.

[4] Despite Crabb's return to the Vigo County Jail on October 25, 2022, the State took no action, and the 4(C) clock continued to run.[2] On January 20, 2023, Clay County court staff member Teresa Gray sent the following email to Vigo County court staff member Tracy Richards, Crabb's attorney Brock Dalton, and Special Judge Pell:

> Hi Tracy,
>
> S[e]rge[a]nt Meadows[3] called questioning Mr. Crabb's court date. In speaking with Judge Pell he would like to try and coordinate court trial dates with everyone. He currently has 2 or 3 large Jury trials scheduled early in the spring here. He will also need to have this in Vigo County, and coordinate with your court calendar. Brock when you are here Monday [January 23, 2023] can you set aside some time to try and work on a date to schedule this? Thanks, Teresa Gray

---

[1] Special Judge Pell issued an order on October 26, 2022, that Crabb's competency had been restored and he would be returned to the Vigo County Jail soon. *See* Appellant's App. Vol. II p. 72. This order was issued to the State. Crabb, however, was returned to the jail on October 25. *See* Tr. Vol. II p. 7.

[2] On September 20, 2022, the trial court ordered the sheriff to transport Crabb to the Neuro Diagnostic Institute for evaluation and treatment. Appellant's App. Vol. II p. 67. The next day, the court set a review hearing for December 16. *Id.* at 68. In the meantime, Crabb's competency was restored, and he was returned to the Vigo County Jail on October 25. Although the CCS shows that a review hearing was scheduled for December 16, *see id.* at 9, according to filings from both parties below, that hearing never occurred, *see id.* at 93, 110.

[3] Sergeant Meadows worked at the Vigo County Jail, where Crabb was incarcerated.

Appellant's App. Vol. II p. 96. The CCS does not reflect this email.

[5] Over a month later, on February 22, 2023—still with no activity on the CCS since Crabb was returned to the Vigo County Jail—Attorney Dalton sent the following email to Teresa from Clay County, Tracy from Vigo County, Special Judge Pell, and the Vigo County deputy prosecutor on the case, Charles Ray:

> Teresa,
>
> My understanding is that Tues., Oct. 3, 2023 at 9:00 a.m. has been reserved by [Vigo Superior Court] Division 3 as a firm trial date for Mr. Crabb's cases.[4] I have copied Mr. Ray on this email so that he can advise which case of the two the State elected to try first. We just need an Order from you to be signed by Judge Pell that shows that date for a trial date.

*Id.* at 97. That same day, Special Judge Pell set this case for a jury trial on October 3, 2023 (though this setting was not entered on the CCS until March 6).

[6] Nearly one year later, in February 2024, Crabb moved for discharge under Criminal Rule 4(C), and a hearing before Special Judge Pell was held. Crabb argued that once the 4(C) clock restarted on October 25, 2022, the State had 118 days, or until February 20, 2023, to bring him to trial. Crabb asserted that because his trial was not set until February 22—two days after the 4(C) clock

---

[4] Crabb was facing charges in two cases in Vigo Superior Court Division 3.

had expired—he had no duty to object and was therefore entitled to discharge under Rule 4(C). According to Attorney Dalton, he couldn't remember (1) whether he met with Special Judge Pell on January 23 to discuss a trial date for Crabb or (2) when he learned that Vigo Superior Court Division 3 had reserved October 3 as a trial date.

[7] In response, the State argued that, as the January 20 email suggested, Attorney Dalton in fact appeared before Special Judge Pell in Clay County on January 23 in a different case. According to the State, although Attorney Dalton couldn't remember whether he discussed Crabb's trial date with Special Judge Pell that day, such a discussion "probably or could have happened." Tr. Vol. II p. 24. During that alleged discussion, which would have occurred before the 4(C) clock expired on February 20, the State surmised that Attorney Dalton agreed to the October 3 trial date and therefore waived any 4(C) argument. The State, however, did not ask Special Judge Pell if he recalled discussing a trial date with Attorney Dalton on January 23.

[8] Without stating one way or the other whether he recalled meeting with Attorney Dalton on January 23 to discuss Crabb's trial date, Special Judge Pell orally denied Crabb's motion for discharge. *Id.* at 26. He later issued a written order denying the motion without explanation. *See* Appellant's App. Vol. II p. 123. A bench trial was later held, and Crabb was found guilty as charged. Special Judge Pell entered judgment of conviction on only one count, Level 3 felony aggravated battery.

[9]     Crabb now appeals the denial of his motion for discharge.

## Discussion and Decision

[10]    Crabb contends the trial court erred in denying his motion for discharge under Criminal Rule 4(C). We generally review a trial court's ruling on such a motion for an abuse of discretion. *Battering v. State*, 150 N.E.3d 597, 600 (Ind. 2020), *reh'g denied*.

[11]    Rule 4(C) "places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for extensions of that time for various reasons." *Cook v. State*, 810 N.E.2d 1064, 1065 (Ind. 2004). The rule provides:

> No person can be held on recognizance or otherwise to answer a criminal charge for a period in aggregate exceeding one year from the date the criminal charge against such defendant is filed, or from the date of the arrest on such charge, whichever is later. Delays caused by a defendant, congestion of the court calendar, or an emergency are excluded from the time period. If a defendant is held beyond the time limit of this section and moves for dismissal, the criminal charge against the defendant must be dismissed.

Ind. Crim. Rule 4(C) (effective Jan. 1, 2024).[5] Criminal defendants extend the one-year period "by seeking or acquiescing in delay resulting in a later trial

---

[5] Criminal Rule 4 was amended effective January 1, 2024, which was after Crabb was charged but before he moved for discharge. The parties do not claim that the amendments make any difference here, so we cite the current version of the rule.

date." *Battering*, 150 N.E.3d at 601 (quotation omitted). "[A] defendant generally waives rights under Rule 4(C) by failing to offer a timely objection to trial dates set outside the one-year limitation, unless the setting of that date occurs after the one-year period has expired." *Id.*; *see also State v. Larkin*, 100 N.E.3d 700, 704 (Ind. 2018) ("A defendant waives his right to be brought to trial within the period by failing to raise a timely objection if, during the period, the trial court schedules trial beyond the limit."), *reh'g denied.* The State bears the burden of bringing defendants to trial within one year. *Battering*, 150 N.E.3d at 601. Defendants are under no obligation to remind the State of its duty or to remind the trial court of the State's duty. *Gibson v. State*, 910 N.E.2d 263, 266 (Ind. Ct. App. 2009).

[12] As noted above, the parties agree that as of October 25, 2022, the State had 118 days—or until February 20, 2023—to bring Crabb to trial. The State argues that the 4(C) clock stopped on January 23, 2023—at which point 28 days remained—when "Crabb acquiesced to a trial outside of the rule period when [he] engaged in ex parte communications with the trial court to set the trial date for October 3, 2023." Appellee's Br. p. 11. But as Crabb notes, the State didn't present any evidence that Attorney Dalton met with Special Judge Pell on January 23 to discuss Crabb's trial date. Indeed, the State acknowledged that Attorney Dalton couldn't remember whether he discussed Crabb's trial date with Special Judge Pell on January 23, and the State didn't ask Special Judge Pell if he remembered such a discussion.

[13] Instead, the State assumes that such a discussion occurred. *See id.* at 12 ("The context in which the January conversation occurred and the circumstances following the conversation **imply** that Crabb acquiesced to an October trial during the January conversation." (emphasis added)); Tr. Vol. II p. 24 (arguing that a meeting between Attorney Dalton and Special Judge Pell on January 23 to discuss Crabb's trial date "probably or could have happened"). As support, the State says that Attorney Dalton's February 22 email, in which he wrote that his "understanding" was that Vigo Superior Court Division 3 had reserved October 3 as a trial date, "shows" that he agreed to the October 3 trial date in January, which was before the 4(C) clock had expired. Appellee's Br. p. 11. While Attorney Dalton no doubt knew about the October 3 trial date when he sent the email, he couldn't remember when he learned about it, claiming it could have been right before sending the email on February 22. *See* Tr. Vol. II pp. 23-24. The State didn't present any contrary evidence, so we have no basis on which to say that the 4(C) clock stopped running on January 23. Accordingly, the State had until February 20 to bring Crabb to trial. When the trial court scheduled trial on February 22, the 4(C) clock had already expired. As a result, Crabb didn't have a duty to object and is entitled to dismissal of the charges.

[14] We acknowledge the State's concern that it wasn't included on the January 20 email. But the State's complaint rings hollow, as it did not take any action in this case once Crabb was returned to the Vigo County Jail on October 25. *See* Appellant's App. Vol. II pp. 8-9 (CCS showing no activity in this case between

October 2022 and February 22, 2023, when the trial court set a trial date). The State bears the burden of bringing defendants to trial within one year. We therefore reverse the trial court and remand this case with instructions to vacate Crabb's conviction for Level 3 felony aggravated battery and dismiss all the charges.

[15] Reversed and remanded.

Weissmann, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

Alexandria Sons
Deputy Attorney General
Indianapolis, Indiana