STATE of Indiana, Appellant (Plaintiff),

v.

Michael SMITH, Appellee (Defendant).

No. 2–1285–A–380.

Court of Appeals of Indiana, Second District.

July 21, 1986.

Rehearing Denied Sept. 25, 1986.

Linley E. Pearson, Atty. Gen., Indianapolis, John H. Meyers, Pros. Atty., Twenty-third Judicial Circuit, Lafayette, for appellant.

George G. Wilder, Public Defender, Tippecanoe County, Lafayette, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Plaintiff-appellant the State appeals the trial court's dismissal of charges against defendant-appellee Michael Smith (Smith) pursuant to Ind. Rules of Procedure, Criminal Rule 4(C), claiming the trial court erred.

We affirm.

## FACTS

The facts reveal that Smith was charged with two counts of child molesting on March 14, 1984. Smith was arrested in Tippecanoe County and appeared for an initial hearing in the Tippecanoe County Court in cause TCMT–2–1731–84 on March 16, 1984. Certified docket entries from this proceeding indicate that on April 23, 1984, Smith pled not guilty, and his trial was scheduled for July 31, 1984. The next docket entry indicates that on June 29, 1984, the trial was rescheduled for September 25, 1984, but the record reveals no reason for the delay. Finally, the docket reveals no further action in this cause until March 12, 1985, when the State dismissed the charges against Smith. Prior to the dismissal, however, on January 24, 1985, the State initiated cause number S–5206 against Smith in the Tippecanoe Superior Court by filing child molesting charges that were identical to the charges then pending in cause TCMT–2–1731–84. The parties attended an initial hearing in cause S–5206 on February 11, 1985 at which the trial court entered a plea of not guilty for Smith and set an omnibus date. Thereafter, on March 29, 1985, Smith filed a motion to dismiss requesting discharge because the State had failed to bring him to trial by March 16, 1985, i.e., within one year of the initial charge as required by C.R. 4(C). The State opposed Smith's motion on the grounds that it had been engaged in plea negotiations with Smith's attorney and had failed to schedule Smith's case for trial because it was waiting on a response from Smith to the State's plea bargain offer. This evidence was presented in the form of an affidavit by John Meyers, the prosecuting attorney. Following a hearing on the motion to dismiss, the trial court found that more than one year had elapsed without Smith having been brought to trial and, therefore, entered a judgment of dismissal.

## ISSUE

The State appeals Smith's dismissal, raising one issue:

Whether the trial court erred by dismissing the charges against Smith due to the State's failure to bring Smith to trial within one year from his arrest?

## DECISION

**PARTIES' CONTENTIONS**—The State contends that it delayed in bringing Smith to trial because it was engaged in plea negotiations with him and that Smith should be charged with this delay under C.R. 4(C).

Smith responds that the record fails to disclose any delay attributable to him and that, despite its affirmative burden to do so, the State simply neglected to have the case set for trial within one year as required by C.R. 4(C).

**CONCLUSION**—The trial court did not err by dismissing the charges against Smith.

▮ Under C.R. 4(C), the one-year time limit within which the State must bring a defendant to trial begins running automatically with the later of either the filing of charges against the defendant or his arrest. *Hinds v. State* (1984), Ind.App., 469 N.E.2d 31, *trans. denied.* Here, the time period began on March 16, 1984, with Smith's arrest and appearance in cause TCMT–2–1731–84. *Bentley v. State* (1984), Ind., 462 N.E.2d 58; *Pillars v. State* (1979), 180 Ind.App. 679, 390 Ind.App. 679, *trans. denied.* The duty to bring a defendant to trial within one year is an affirmative one which rests with the State. *Martin v. State* (1981), Ind.App., 419 N.E.2d 256. The defendant has no obligation to remind the court of the State's duty, *id.*; nor is he required to take any affirmative action to see that he is brought to trial within the period. *State ex rel. O'Donnell v. Cass Super. Ct.* (1984), Ind., 468 N.E.2d 209. However, the one-year time period provided by C.R. 4(C) may be extended by delay arising from a continuance had on the defendant's motion or a delay caused by the defendant's act.[1] Thus, the State had a duty to bring Smith to trial on or before March 16, 1985, unless the period against Smith was tolled by a delay chargeable to him.

▮ The court's docket entries reflect no delay in the scheduling of the trial that can be attributed to Smith. Moreover, there is no written documentation of the plea negotiations or their progress, and an agreement was never reduced to writing. Even the State's affidavit fails to disclose any specific dates or period of time during which it delayed in scheduling the trial because it was actively engaged in plea negotiations with Smith. Consequently, there is nothing from which it could be determined how much of the one-year period was consumed by plea negotiations or how much of this time, if any, should be charged to Smith, much less that there was any actual delay. In this factual vacuum the State, nevertheless, contends that Smith should be held responsible for its failure to schedule a timely trial. The State's theory assumes that a defendant's participation in informal plea negotiations causes an unspecified delay in the scheduling of his trial which constitutes a complete abandonment of his right to be tried within one year. The State attempts to support this theory by analogizing to two cases: *Mickens v. State* (1982), Ind., 439 N.E.2d 591; *Vaughn v. State* (1984), Ind.App., 470 N.E.2d 374, *trans. denied.* But *Mickens* and *Vaughan* are distinguishable from this case because, unlike Smith, Mickens and Vaughan each filed a motion for a seventy-day speedy trial pursuant to C.R. 4(B). After trial dates had been set, each began plea negotiations with the State. When they were not tried within seventy days from their initial motion for a speedy trial, each moved for discharge. On appeal from the denial of these motions, it was held in each case that participation in plea negotiations is inherently inconsistent *with a request for a seventy-day speedy trial* and constitutes *an abandonment of the request as a matter of law. Mickens, supra; Vaughan, supra.* Here, Smith made no request for a seventy-day speedy trial. Instead, he relies on his right to be tried within one year pursuant to C.R. 4(C). The

---

**1.** Although not pertinent to this case, the time period under C.R. 4(C) also may be extended because of congestion of the court calendar.

State cites no authority for the proposition that a defendant abandons his right to be tried *within one year* simply because he engages in informal plea negotiations with the State. If this were the law, virtually every defendant would sacrifice his right to be tried within a year. Consequently, the per se rule of abandonment applied in *Mickens* and *Vaughan* to a request for a seventy-day speedy trial does not apply to the one-year speedy trial right. Rather, it must appear that the defendant's acts caused an actual delay in the scheduling of his trial. *See Pillars, supra.*

Even if we assume that the State's evidence established that it was engaged in plea negotiations with Smith over the entire one-year period, this does not establish that anything Smith or his attorney did caused an actual delay or prevented the State from scheduling the trial. Smith was under no duty to remind the State that the one-year period was running out, and the State was under no compulsion to allow the period to expire while waiting for Smith's response to its plea offer. Indeed, if the State was dissatisfied with the progress of the negotiations, it could have simply requested the court to set a timely trial date and required Smith to obtain a continuance to pursue the negotiations. This the State did not do. Thus, the State's uncontroverted evidence demonstrates nothing more than that it failed to perform its affirmative duty to see that Smith was tried within one year.

■ Whether a defendant has been brought to trial within one year is a factual determination to be made by the trial court. *State ex rel. Brumfield v. Perry Cir. Ct.* (1981), Ind., 426 N.E.2d 692. Similarly, whether delays in the scheduling of the trial have occurred and to whom they are chargeable are also factual determinations for the trial court. Here, the trial court held a hearing on Smith's motion to dismiss. The trial court admitted the State's evidence and considered its contention that its delay in bringing Smith to trial was chargeable to Smith. By virtue of its judgment of discharge, the trial court must have concluded either that there were no delays caused by the negotiations or that the delays were not attributable to Smith. Under the facts and circumstances of this case, we cannot say that either conclusion was unreasonable. The State's arguments to the contrary are merely an invitation to second-guess the trial court's factual determinations. This we will not do. In sum, the State has failed to demonstrate that the trial court erred by dismissing the charges against Smith.

Judgment affirmed.

SULLIVAN and SHIELDS, JJ., concur.