FOR PUBLICATION

ATTORNEY FOR APPELLANT
: 
ATTORNEYS FOR APPELLEE
:

PATRICK R. RAGAINS JEFFREY A. MODISETT

Smith, Ragains & Cotton Attorney General of Indiana

Anderson, Indiana

THOMAS D. PERKINS

Deputy Attorney General

Indianapolis, Indiana

IN THE

COURT OF APPEALS OF INDIANA

NATHAN E. SCHWARTZ, )

)

Appellant-Defendant, )

)

vs. ) No.  29A02-9806-CR-557

)

STATE OF INDIANA, )

)

Appellee-Plaintiff. )

APPEAL FROM THE HAMILTON CIRCUIT COURT

The Honorable Judith Proffitt, Judge

Cause No.  29C01-9803-CF-120

March 30, 1999

OPINION - FOR PUBLICATION

RUCKER, Judge

This is an interlocutory appeal from the denial of a motion for discharge under Ind. Crim. Rule 4(C).  Appellant-Defendant Nathan Schwartz complains that he was not brought to trial within one year of his arrest or charge and that the delay was not attributable to him. We reverse.

The record shows that on July 27, 1996, Schwartz was charged by information with child molesting as a Class B felony and carrying a handgun without a license as a Class A misdemeanor.  He had been arrested the day before.  The information alleged that the offenses occurred in Madison County and thus the charges were filed in the Madison Circuit Court.  On July 29, 1996, Schwartz apparently
(footnote: 1) appeared in court wherein the omnibus date was set for September 29, 1996 and a pretrial conference was scheduled for October 16, 1996.  After the July 29 date, but before the scheduled omnibus date, counsel entered his appearance on Schwartz' behalf and filed a motion to suppress evidence.  On September 9, 1996, the motion to suppress was withdrawn.  On that same date an order was entered stating “[t]rial to be set at pretrial conference.”  R. at 4.  The record does not show that either  an omnibus hearing was conducted or a pretrial conference held.  Rather, the record reveals that on September 3, 1997, the State requested the trial court to set this case for trial.  The trial court granted the request and a trial was scheduled for February 17, 1998. 

On the morning of trial, after the jury was sworn, Schwartz brought to the court's attention that the alleged child molesting offense occurred in Hamilton County and not Madison County as charged.  Thereafter a lengthy discussion ensued between the court, the State, and defense counsel concerning proper venue.  Ultimately, over Schwartz' objection the trial court granted the State's motion to amend the child molesting charge to assert that the offense occurred in Hamilton County.  Schwartz then moved to transfer venue of the case to Hamilton County.  The motion was granted.  Three days later Schwartz filed a motion for discharge.  After a hearing the trial court denied the motion.  In so doing the trial court declared:

Based on what I can see the key to this is you didn’t appear for the pretrial conference.  The pretrial was set for 10/16/96.  On 9/9/96 motion to suppress withdrawn, trial to be set at pretrial conference.  There is no entry for the 10/16 so you didn’t appear at the pretrial conference.  So you have waived your rights. . . .  I am saying since they did not appear for the pretrial the delay is attributable to the defense.

R. at 149-50.  After venue of the case was transferred to Hamilton County, Schwartz renewed his motion for discharge.  The motion was denied.  This interlocutory appeal followed.
(footnote: 2)
 Schwartz contends the trial court erred in denying his motion for discharge.  According to Schwartz he was not brought to trial within a year of his arrest or charge and  the delay was not attributable to him.  Under Ind. Crim. Rule 4(C) the State has an affirmative duty to bring a criminal defendant to trial within one year.  
Bates v. State
, 520 N.E.2d 129, 131 (Ind. Ct. App. 1988), 
trans. denied
.  The one year time period commences upon the date of arrest or date of charge, whichever is later.  
Id.
  That period is extended by any delay arising from any continuance had on the defendant's motion, by any delay caused by the defendant's act, and by congestion of the court's calendar.  
Id.
 

In the case before us the record shows that Schwartz was charged on July 27, 1996.  Barring any delays attributable to Schwartz the State was obligated to bring him to trial by July 27, 1997.  On August 13, 1996, Schwartz filed a motion to suppress evidence.  He withdrew the motion twenty-seven days later on September 9, 1996.  This time was attributable to Schwartz.  
See
 
Solomon v. State
, 588 N.E.2d 1271, 1272 (Ind. Ct. App. 1992) ("A delay attributable to the defendant runs from the time the motion is filed until the judge rules on the motion.").  Thus the State now had to bring Schwartz to trial by August 25, 1997.  On September 3, 1997, nine days after the one year period had expired, the trial court set a trial date.  

There is no question that once a trial court sets a trial date outside the one year period, the defendant must alert the court and file a timely objection.  
Wheeler v. State
, 662 N.E.2d 192, 194 (Ind. Ct. App. 1996).  Failure to do so will result in waiver of the defendant's right to discharge.  
Id.
  However "a defendant has no duty to object to the setting of a belated trial when the setting of the date occurs after the time expires such that the court cannot reset the trial date within the time allotted by Crim. R. 4(C).  All the defendant needs to do then is move for discharge."  
Pearson v. State
, 619 N.E.2d 590, 592 (Ind. Ct. App. 1993) (citation omitted).  In this case Schwartz so moved but the trial court denied the motion on grounds that Schwartz' failure to appear for pretrial conference resulted in a delay attributable to Schwartz.  We disagree.  The record is completely silent on whether a pretrial conference was ever held.  Where the record is silent concerning the reason for a delay, the delay is not attributable to the defendant.  
Solomon
, 
supra
.  Further, assuming a pretrial conference was held, and further assuming Schwartz did not appear, we fail to see why a trial date could not have been set in his absence.  The inference here is that Schwartz' absence was the cause of the State not moving the trial court to schedule this matter for trial in a timely fashion.  Indeed the trial court noted "[t]here is no entry for a pretrial conference which means the defense did not appear and that is how we lost track of this case."  R. at 149-50.  However bringing a defendant to trial within a year is an affirmative duty of the State.  "The defendant does not have an obligation to remind the State of this duty or to remind the trial court of the State’s duty."  
Staples v. State
, 553 N.E.2d 141, 143, (Ind. Ct. App. 1990), 
trans. denied
; 
see
 
also
 
Jackson v. State
, 663 N.E.2d 766, 769 (Ind. 1996) ("The onus is on the State, not the defendant, to expedite prosecution."). 

The State's contention in this appeal is that Schwartz did not object to the February trial date until after the case had been transferred to Hamilton County.  According to the State, by that time a jury had already been sworn.  The State's argument lacks merit.  First, the record is clear that Schwartz moved for discharge both before and after the case was actually transferred.  Indeed the first motion for discharge was heard before the judge of the Madison Circuit Court.  Be that as it may, by the time this case was scheduled for trial the one year time limit had already passed.  All Schwartz had to do at that point was to move for discharge.  He so moved and the motion should have been granted.  We therefore reverse the judgment of the trial court and order that Schwartz be discharged.

Judgment reversed.

DARDEN, J., and SULLIVAN, J., concur.

FOOTNOTES
1:  We say "apparently" because the record is unclear on this point.  However neither party raises the issue on appeal.  Further, our decision is unaffected by whether or not Schwartz was present in court on that date. 

2:  In the interim Schwartz was tried and convicted in Madison County of carrying a handgun without a license.  That matter is not before us on appeal.