Stephen LEEK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 60A05–0708–CR–493.

Court of Appeals of Indiana.

Dec. 14, 2007.

David J. Colman, Colman Law Office, Bloomington, IN, Attorneys for Appellee.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Stephen Leek appeals from the trial court's denial of his motion for discharge

under Criminal Rule 4(C). Leek presents a single dispositive issue for our review, namely, whether the trial court erred when it found that the State had brought Leek to trial within the time allotted under Criminal Rule 4(C).

We reverse.

## FACTS AND PROCEDURAL HISTORY

On March 21, 2005, the State charged Leek with Operating a Motor Vehicle While Intoxicated and Battery. The trial court held a hearing that day and scheduled a pretrial conference for May 10, 2005. The trial court also scheduled trial for June 7, 2005. But on June 7, the trial court vacated the trial date after Leek stated that he was in plea negotiations with the State. The trial court scheduled a change of plea and sentencing hearing for July 12, 2005. But that hearing did not take place, and the next CCS entry, dated June 7, 2006, states: "Motion to Reset For Change of Plea Hearing filed and granted. Court vacates change of plea hearing scheduled for July 12, 2005 and reschedules same for June 20, 2006 at 9:30 a.m." Appellant's App. at 25.

Leek moved to continue the June 20, 2006, hearing, which the trial court granted. And on September 12, Leek advised the trial court that he did not want to plead guilty. Accordingly, the trial court scheduled trial for October 24, 2006. But Leek moved to continue the trial, and on November 6, Leek filed a Motion for Discharge. The trial court denied that motion. Following a bench trial on April 10, 2007, the trial court found Leek guilty of operating a motor vehicle while intoxicated, but acquitted him on the battery charge. This appeal ensued.

## DISCUSSION AND DECISION

The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Clark v. State*, 659 N.E.2d 548, 551 (Ind.1995). This "fundamental principle of constitutional law" has long been zealously guarded by our courts. *Id.* (quoting *Castle v. State*, 237 Ind. 83, 143 N.E.2d 570, 572 (1957)). To this end, the provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right. *Id.* Specifically, Criminal Rule 4(C) provides in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar[.]

Thus, if a defendant seeks or acquiesces in a delay that results in a trial date beyond the one-year limit, the time limitations set by Criminal Rule 4 are extended by the length of such delays. *See Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind.1999).

The duty to bring a defendant to trial within one year is an affirmative one which rests with the State. *State v. Smith*, 495 N.E.2d 539, 541 (Ind.Ct.App. 1986). The defendant has no obligation to remind the court of the State's duty, nor is he required to take any affirmative action to see that he is brought to trial within the period. *Id.* Whether delays in the scheduling of the trial have occurred and to whom they are chargeable are factual determinations for the trial court. *Id.* at 542.

Here, in its order denying Leek's motion for discharge, the trial court found and concluded in relevant part as follows:

3. On July 12, 2005, the change of plea hearing was not held. The Court did not make a CCS entry for said date. Approximately 11 months later, on June 7, 2006, the State filed a Motion to Reset Change of Plea hearing. In this motion the State alleges that the defendant's counsel orally moved to continue the hearing on July 12, 2005, which motion was granted, but that the hearing was not reset due to defense counsel's failure to file a written motion for continuance. This allegation has not been denied by the defendant, although the fact remains that the record is silent on the events of July 12, 2005.

\* \* \*

10. Under *Cook v. State,* 810 N.E.2d 1064 (Ind.2004)[,] "Delays caused by action taken by the defendant are chargeable to the defendant regardless of whether a trial date has been set." Further the defendant's actions in this case effective June 7, 2005, were inconsistent with proceeding to trial insofar as defendant advised the Court that an agreement had been reached and that a guilty plea hearing was requested. For this reason, the defendant waived his right to a speedy trial and any delay caused by defendant's actions is attributable to the defendant. This conclusion is supported by the cases cited by the State, specifically *Ritchison v. State* 708 N.E.2d 604 (Ind.Ct.App.1999) and *State v. Suggs* 755 N.E.2d 1099 (Ind.Ct.App.2001). As stated in *Ritchison,* supra at pg 607, in denying a motion for discharge, "To reach any other result would be to encourage defendants to improperly utilize the rule. Any defendant could inform a court that no trial date was necessary, but later move for a discharge when the one year time period expired. Criminal Rule 4's purpose is to ensure early trials, not to permit defendants to escape

trials by manipulating the means designed for their protection."

11. The defendant argues that the fact that the Court failed to make a CCS entry on July 12, 2005, means that the delay after that date is attributable to the State, citing *Schwartz v. State* 708 N.E.2d 34 (Ind.Ct.App.1999)[,] relying on *Solomon v. State,* 588 N.E.2d 1271 (Ind.Ct.App.1992). However, even aside from the fact that the rule in *Solomon* was distinguished by the Court in *Cook,* supra, the facts in *Schwartz* are distinguishable from the present case in that the defendant in *Schwartz* did not ever indicate that he did not desire a trial. Accordingly, the Court in *Schwartz* properly put the burden on the State to bring the defendant to trial even though the Court had neglected to make a CCS entry. *In this case, the defendant had indicated that he did not desire a trial and by his actions had waived his right to a speedy trial. The State had no affirmative duty to pursue a trial within the speedy trial deadlines if the defendant did not seek a trial.*

12. For all of these reasons, the delay from June 7, 2005 through September 12, 2006 is attributable to the defendant, and the defendant is not entitled to discharge. The Court accordingly denies the defendant's Motion for Discharge.

Appellant's App. at 34–35 (emphasis added).

█ On appeal, Leek contends that the State should have been charged with the eleven-month delay which the trial court found was charged to Leek. Indeed, as the trial court found, the CCS is silent regarding the reason for the delay in proceedings from July 12, 2005, until June 7, 2006. The State maintains that because Leek "demonstrated his intent to plead guilty ... both before and after the eleven-month-period without docket entries," that

delay is chargeable to Leek. Brief of Appellee at 5. We cannot agree with the State.

In finding that the State had not violated Leek's right under Criminal Rule 4(C), the trial court relied on *Cook v. State*, 810 N.E.2d 1064, 1067 (Ind.2004), where our Supreme Court held that "delays caused by *action taken by the defendant* are chargeable to the defendant regardless of whether a trial date has been set." (Emphasis added). But the defendant in *Cook* filed five motions for continuance, and our Supreme Court concluded that he was properly charged with a delay of 103 days due to those motions. *Id.* at 1068. Here, Leek did nothing more than request a change of plea hearing. There is no evidence of any action taken by Leek to delay a trial setting during the eleven-month delay in this case. Accordingly, we do not find *Cook* controlling here.[1]

This court's opinion in *State v. Smith*, 495 N.E.2d 539 (Ind.Ct.App.1986), however, is on point. In *Smith*, the trial court granted the defendant's motion for discharge under Criminal Rule 4(C) where the State failed to schedule a trial pending the parties' plea negotiations over the course of more than one year. The State maintained that the defendant should have been charged with the delay since he was participating in plea negotiations. This court disagreed and stated:

> Even if we assume that the State's evidence established that it was engaged in plea negotiations with Smith over the entire one-year period, this does not establish that anything Smith or his attorney did caused an actual delay or prevented the State from scheduling the

trial. Smith was under no duty to remind the State that the one-year period was running out, and the State was under no compulsion to allow the period to expire while waiting for Smith's response to its plea offer. Indeed, *if the State was dissatisfied with the progress of the negotiations, it could have simply requested the court to* set a timely trial date and required Smith to obtain a continuance to pursue *the negotiations.* This the State did not do. Thus, the State's uncontroverted evidence demonstrates nothing more than that it failed to perform its affirmative duty to see that Smith was tried within one year.

*Id.* at 542 (emphasis added).

■ In this case, likewise, the State could have requested that a trial date be set during the plea negotiations, but chose not to. We find no authority for the proposition that a defendant abandons his right to be tried within one year simply because he engages in informal plea negotiations with the State. *See Smith*, 495 N.E.2d at 542. "If this were the law, virtually every defendant would sacrifice his right to be tried within a year." *Id.* Almost every criminal case involves a simultaneous two-track process—a negotiation track and a litigation track—and Criminal Rule 4(C) requires the State to be ever mindful of the one-year deadline.

The State did not fulfill its affirmative duty to bring Leek to trial within one year. Like the proceedings in *Smith*, here, "there is nothing [in the record] from which it could be determined how much of the [eleven-month delay] was consumed by plea negotiations or how much of this time, if any, should be charged to [Leek], much

---

1. The trial court also found this case analogous to *Ritchison* and *Suggs*, but we find the facts in those cases distinguishable. In both of those cases, there was evidence showing that the defendants took action to cause the

disputed delays. But here, again, other than indicating his intention to enter a plea agreement in June 2005, the record does not show that Leek did anything to cause the ensuing eleven-month delay in the proceedings.

less that there was any actual delay." *Id.* at 541. Following our reasoning in *Smith,* Leek's statement of his intent to enter into a plea agreement did nothing to relieve the State of its duty. Here, the trial court concluded that "defendant waived his right to a speedy trial" when he requested a change of plea hearing. But a defendant does not abandon his right to a speedy trial when he engages in plea negotiations. *See id.* This is not a case where the trial court, within the one-year period, set a trial date outside of the one-year period. Because the State did not bring Leek to trial within one year of his arrest, the trial court erred when it denied Leek's motion for discharge under Criminal Rule 4(C).

Reversed.

MATHIAS, J., and BRADFORD, J., concur.