FILED

Jun 20 2018, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Andrew A. Kobe
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Mark K. Phillips
Boonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Nicolas Lindauer,<br>*Appellee-Defendant* | June 20, 2018<br><br>Court of Appeals Case No.<br>87A05-1709-CR-2137<br><br>Appeal from the Warrick Circuit Court<br><br>The Honorable Greg Granger, Judge<br><br>Trial Court Cause No.<br>87C01-1604-F6-138 |

**May, Judge.**

[1]  The State of Indiana appeals the trial court's grant of Nicholas Lindauer's motion to dismiss the charges against him pursuant to Indiana Criminal Rule 4(C). The State argues the trial court erred in granting Lindauer's motion because the calendar year in which the State needed to bring Lindauer to trial had not expired. Because Lindauer requested nearly all the continuances that had occurred in the year after the State charged Lindauer, the State's year in which to try Lindauer had not expired. Accordingly, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

[2]  On April 6, 2016, the State charged Lindauer with a Class C misdemeanor operating a vehicle with an alcohol concentration equivalent (ACE) of .08 or more,[1] Class C misdemeanor operating a vehicle while intoxicated,[2] Class B misdemeanor possession of marijuana,[3] Class C misdemeanor possession of paraphernalia,[4] and Level 6 felony operating a vehicle with an ACE of .08 or more.[5] During the hearing of April 25, 2016, Lindauer waived the formal reading of the charges and requested the trial court "authorize a specialized driving permit." (Tr. Vol. II at 4.) Finding no objection from the State, the trial

---

[1] Ind. Code § 9-30-5-1(a) (2001).

[2] Ind. Code § 9-30-5-2(a) (2001).

[3] Ind. Code § 35-48-4-11(a)(1) (2014).

[4] Ind. Code § 35-48-4-8.3(b)(1) (2015).

[5] Ind. Code § 9-30-5-1(a) (2001) & Ind. Code § 9-30-5-3 (2014).

court granted Lindauer's request the same day and set the case for a progress hearing on June 27, 2016.

[3] On June 23, 2016, Lindauer moved to continue the progress hearing scheduled for June 27, 2016, "due to Attorney Phillips having a confirmed Jury Trial in another jurisdiction." (Appellant's App. Vol. II at 3.) The trial court granted the motion and reset the hearing to August 22, 2016.

[4] On August 22, 2016, the trial court conducted a progress hearing. Lindauer explained that plea negotiations were ongoing and stated that "we have a shot at getting this resolved[.]" (Tr. Vol. II at 6.) The CCS states: "On Defendant's motion matter is reassigned for Progress Hearing on October 24, 2016." (Appellant's App. Vol. II at 3.)

[5] At the hearing of October 24, 2016, Lindauer referenced the continuing negotiations and requested the hearing to be reset "for an anticipated plea." (Tr. Vol. II at 6.) Accordingly, the CCS reflects: "On Defendant's motion matter is reassigned for progress hearing on November 14, 2016 [] for possible plea." (Appellant's App. Vol. II at 3.)

[6] On November 14, 2016, the parties informed the trial court that no plea had been reached. Lindauer moved to set the case for a later progress hearing, to which the State acquiesced. The court offered January 30, 2017, to which Lindauer responded: "Sounds great." (Tr. Vol. II at 7.)

[7]     On January 30, 2017, the court conducted a progress hearing.  Essentially as soon as the court called the case, Lindauer requested the court reset the case for February 27, 2017, because "[w]e're on our third version of the plea agreement." (*Id*. at 8.)  After brief discussion of the single term of the plea that divided the parties, Lindauer said: "So if we can set it for the 27th that'd be my request.  We're gonna resolve it I believe. . . . And I assume the Court'll either accept or reject and set it for Trial." (*Id*.)  "On Defendant's motion matter is reassigned for February 27, 2017." (Appellant's App. Vol. II at 4.)

[8]     At the February progress hearing, Lindauer advised the trial court that he "pitched a potential resolution to [the State].  [The State] wants to do some investigation on its own.  And I think we're gonna set up a time to chat with each other about it." (Tr. Vol. II at 9.)  Accordingly, "[o]n Defendant's motion matter is reassigned for March 20, 2017." (Appellant's App. Vol. II at 4.)

[9]     Again, during the March hearing, Linduaer notified the court that they "just need a date a couple weeks out" to come to a resolution with the State.  (Tr. Vol. II at 9.)  Therefore, "[o]n Defendant's motion matter is reassigned for April 10, 2017." (Appellant's App. Vol. II at 4.)

[10]    At the April 10, 2017, progress hearing, Lindauer admitted that he had been unable to reach a plea agreement with the State and requested the trial court set the cause for trial on May 8, 2017.  The State objected to the proposed trial date because it did not allow for sufficient time to subpoena the witnesses but offered to be ready for trial on May 23 or 30, 2017.  The trial court was not available on

May 23, 2017, and Lindauer refused the date of May 30, 2017. After the trial court reaffirmed May 8 would not work, Lindauer asked if he ever formally waived his Criminal Rule 4 rights and argued that, if he had not formally waived his right, any trial date would be outside the Rule 4 time period. Lindauer agreed to provide the trial court with authority regarding his Rule 4 rights. The court set a "jury trial June 20, 2017." (Appellant's App. Vol. II at 4).

[11] On April 13, 2017, Lindauer filed a motion to dismiss pursuant to Indiana Criminal Rule 4(C). During the hearing on Lindauer's motion, Lindauer conceded that at least 56 days were attributable to him, but that he should have been brought to trial prior to June 2, 2017. In response, the State contended that at least 287 days were not attributable to the rule because these were times that Lindauer requested the hearings be reset. On August 23, 2017, the trial court summarily granted Lindauer's motion and dismissed the cause.

## DISCUSSION AND DECISION

[12] The State contends that the trial court erred by dismissing the cause pursuant to Indiana Criminal Rule 4(C). An accused's right to a speedy trial is guaranteed by Article I, Section 12 of the Indiana Constitution and by the Sixth Amendment to the United States Constitution. *Leek v. State*, 878 N.E.2d 276, 277 (Ind. Ct. App. 2007). "This 'fundamental principle of constitutional law' has long been zealously guarded by our courts." *Id.* (quoting *Clark v. State*, 659 N.E.2d 548, 551 (Ind. 1995) (citing a case from 1957)). Indiana Criminal Rule

4 was adopted to implement a defendant's right to a speedy trial. *Id.* Criminal Rule 4(C) provides, in relevant part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.

The State has an affirmative duty to bring a defendant to trial within one year. *Leek*, 878 N.E.2d at 277. A defendant has no obligation to remind the court of the State's duty, nor is a defendant required to take affirmative action to ensure he is brought to trial within that period. *Id.*

[13] Nevertheless, if a defendant takes action that delays the proceeding, "that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not." *Cook v. State*, 810 N.E.2d 1064, 1066-67 (Ind. 2004). "When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in the rule shall be extended by the amount of the resulting period of such delay caused thereby." Crim. R. 4(F). "The objective of the rule is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial." *Brown v. State*, 725 N.E.2d 823, 825 (Ind. 2000).

[14] Whether delays in the scheduling of the trial have occurred and to whom they are chargeable are factual determinations for the trial court, *Leek*, 878 N.E.2d at 277, and "appellate review is for clear error." *Austin v. State*, 997 N.E.2d 1027, 1040 (Ind. 2013). Thus we may not reweigh the evidence or reassess witness credibility, and we reverse if we are left "with a definite and firm conviction that a mistake has been made." *Id.* (quoting *State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013)).

[15] Using the date the charges were filed against Lindauer, the Criminal Rule 4(C) time period began to run on April 6, 2016. Barring any delay extending the time, the State was required to bring Lindauer to trial by April 5, 2017. The State notes that the CCS shows Lindauer was granted continuances on several occasions. "The CCS is an official record of the trial court," Ind. Trial Rule 77(B), and "a trial court speaks through its docket." *Young v. State*, 765 N.E.2d 673, 678 n.6 (Ind. Ct. App. 2002).

[16] The CCS in this case clearly states that hearings set in June 2016, August 2016, October 2016, November 2016, January 2017, February 2017, and March 2017 were rescheduled on Lindauer's motion. The Transcript of the six hearings that occurred between those dates also confirms Lindauer moved to reset six of the hearings. (*See* Tr. at 6, 6, 7, 7-8, 9, & 9.) Thus, *every* extension of time that occurred between June 23, 2016, and April 10, 2017, occurred because of a request made by Lindauer.

[17]     Criminal Rule 4(C) provides a defendant can be required to answer a charge more than a year after it was filed if "a continuance was had on his motion, or the delay was caused by his act . . . ." As those seven continuances, which cumulatively accounted for 288 calendar days, were all ordered because of a motion by Lindauer, all 288 days are attributable to Lindauer and do not count toward the Criminal Rule 4(C) deadline.[6] *See Cook*, 810 N.E.2d at 1068

---

[6] In support of his argument the trial court properly dismissed his charges under Criminal Rule 4(C), Lindauer points to *Leek v. State*, 878 N.E.2d 276 (Ind. Ct. App. 2007), and *Smith v. State*, 495 N.E.2d 539 (Ind. Ct. App. 1986). Because each of those cases contains facts that are materially dissimilar from Lindauer's case, neither requires we affirm the trial court's dismissal of Lindauer's charges.

Leek, like Lindauer, moved for dismissal of the charges against him after one calendar year had passed while Leek and the State had been negotiating a possible plea agreement. 878 N.E.2d at 277. Unlike Lindauer, however, Leek had not moved for a continuance during the eleven months that his CCS sat silent. *Id*. Leek did not request the continuance that began the eleven-month lull in his proceedings. *Id*. Leek had not appeared at hearings during that eleven months such that he could have acquiesced in continuances requested by the State. *Id*. Because Leek had not taken any action that resulted in the delay, while Lindauer explicitly requested the seven continuances that led to nine months of delay, we decline to follow *Leek*.

Smith also moved for dismissal of his charges based on Criminal Rule 4(C) after one year passed without the State bringing him to trial. 495 N.E.2d at 540. The State asserted the court should deny Smith's motion because "it had been engaged in plea negotiations with Smith's attorney and . . . was waiting on a response from Smith to the State's plea bargain offer." *Id*. The trial court rejected the State's argument and dismissed the charges. On appeal, we noted the CCS "entries reflect no delay in the scheduling of the trial that can be attributed to Smith." *Id*. at 541. As we affirmed the trial court's decision, we explained:

> Even if we assume that the State's evidence established that it was engaged in plea negotiations with Smith over the entire one-year period, this does not establish that anything Smith or his attorney did caused an actual delay or prevented the State from scheduling the trial. Smith was under no duty to remind the State that the one-year period was running out, and the State was under no compulsion to allow the period to expire while waiting for Smith's response to its plea offer. Indeed, if the State was dissatisfied with the progress of the negotiations, it could have simply requested the court to set a timely trial date and required Smith to obtain a continuance to pursue the negotiations. This the State did not do.

*Id*. at 542. Unlike Smith, Lindauer moved for multiple continuances to pursue plea negotiations with the State. This factual distinction leads us to hold *Smith* supports our decision to assign to Lindauer the delay caused by his seven motions to continue. *See Cook*, 810 N.E.2d at 1068 (defendant's motions to continue the pre-trial conference were chargeable against the defendant).

("Defendant made five motions to continue, all of which were attributable to Defendant." (footnote omitted)).

[18] As our Indiana Supreme Court has explained, Criminal Rule 4(C) was created "to move cases along . . . , not to create a mechanism to avoid trial." *Brown*, 725 N.E.2d at 825. A defendant cannot habitually move to reset the preliminary hearing at which the trial date was to be set and then assert a meritorious claim that his right to trial within a year was violated.[7] *See Cook*, 810 N.E.2d at 1068 (holding all five of defendant's motions to continue the pre-trial conference were chargeable against the defendant, such that Criminal Rule 4(C) time limit had not expired). Because the trial court committed clear error when it granted Lindauer's motion to dismiss, we reverse and remand for further proceedings.

[19] Reversed and remanded.

Mathias, J., concurs.

Riley, J., dissents with separate opinion.

---

[7] We need not address the State's argument that Lindauer waived his right under Rule 4(C) by failing to object at an appropriate time to a trial being set outside the one-year deadline because, by our calculation, at the time of the trial scheduled for June 20, 2017, only 153 days attributable to the Rule 4(C) deadline would have passed. Because the scheduled trial was well within the one-year deadline, no objection to that trial date was necessary.

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Nicolas Lindauer,<br>*Appellee-Defendant* | Court of Appeals Case No.<br>87A05-1709-CR-2137 |

**Riley, dissenting**

I respectfully dissent from the majority's decision to reverse the trial court's order, which dismissed Lindauer's charges pursuant to Indiana Criminal Rule 4(C). Like the majority, I acknowledge that the CCS is the "official record of the trial court," and that a trial court speaks through its docket. Ind. Trial Rule 77(B), *Young v. State*, 765 N.E.2d 673, 678, n.6 (Ind. Ct. App. 2002). However, the CCS combined with the transcript of the proceedings presents a more nuanced picture in the instant case and indicates that for the majority of the continuances, the parties were engaged in ongoing plea negotiations. "To the extent the parties were engaged in plea negotiations, '[a]lmost every criminal case involves a simultaneous two-track process—a negotiation track and a

litigation track and Criminal Rule 4(C) requires the State to be ever mindful of the one-year deadline.'" *Gibson v. State*, 910 N.E.2d 263, 268 (Ind. Ct. App. 2009) (citing *Leek v. State*, 878 N.E.2d 276, 279 (Ind. Ct. App. 2007)).

[21] During the April 10, 2017 progress hearing, Lindauer advised the trial court that the negotiations were not successful and requested a trial date. Until Lindauer made this request, no trial date had ever been scheduled, despite the State's affirmative duty to bring Lindauer to trial before June 2, 2017.[8] Our court has previously held:

> [W]hen, prior to the expiration of the period set by [Criminal Rule 4], the court sets a trial date which is beyond that period and the defendant is or should be aware that the setting is beyond that period, it is his obligation to object at the earliest opportunity so that the court can reset the trial for a date within the proper period. If the defendant sits idly by at a time when the court could yet grant him a trial within the prior period and permits the court, without objection, to set a date beyond that period, he will be deemed to have acquiesced therein.

*State v. Black*, 947 N.E.2d 503, 508 (Ind. Ct. App. 2011) (citing *State v. Delph*, 875 N.E.2d 416, 420 (Ind. Ct. App. 2007), *trans. denied*).

[22] Here, Lindauer was aware of the Criminal Rule 4(C) timeframe. During the April 10, 2017 hearing, Lindauer advised the trial court about his Criminal Rule

---

[8] The CCS and transcript reflects that the hearing of June 27, 2017 was continued to August 22, 2016, by Lindauer's written motion. I find that only this 56-day continuance can be attributed to Lindauer and extends the Criminal Rule 4(C) deadline to June 2, 2017.

4 right but the trial court nevertheless scheduled the trial date outside this period. While a line of cases describe a defendant's obligation as an "obligation to object at the earliest opportunity," other cases merely state that once a trial court sets a trial date outside the one year period, the defendant must alert the court and file a timely objection. *See, e.g., Randall v. State*, 474 N.E.2d 76, 84 (Ind. 1985); *Johnson v. State*, 708 N.E.2d 912, 915 (Ind. Ct. App. 1999), *trans. denied*; *But see contra*, *e.g.*, *Schwartz v. State*, 708 N.E.2d 34, 36 (Ind. Ct. App. 1999); *Wheeler v. State*, 662 N.E.2d 192, 194 (Ind. Ct. App. 1996). However, all of the cases seem to agree that the purpose of the objection requirement is to permit the trial court to set the trial for a new date within the proper period. *See Brown v. State*, 725 N.E.2d 823, 825 (Ind. 2000).

[23] While Lindauer might not have *explicitly* objected at his earliest opportunity— *i.e.*, at the hearing—it was clear to all parties involved that he was invoking his right to being brought to trial within the Criminal Rule 4 term. Accordingly, as Lindauer timely objected and did not waive his Criminal Rule 4(C) rights, I would affirm the trial court's decision to dismiss the case.