Riley, dissenting
[20] I respectfully dissent from the majority's decision to reverse the trial court's order, which dismissed Lindauer's charges pursuant to Indiana Criminal Rule 4(C). Like the majority, I acknowledge that the CCS is the "official record of the trial court," and that a trial court speaks through its docket. Ind. Trial Rule 77(B), Young v. State , 765 N.E.2d 673, 678, n.6 (Ind. Ct. App. 2002). However, the CCS combined with the transcript of the proceedings presents a more nuanced picture in the instant case and indicates that for *217 the majority of the continuances, the parties were engaged in ongoing plea negotiations. "To the extent the parties were engaged in plea negotiations, '[a]lmost every criminal case involves a simultaneous two-track process-a negotiation track and a litigation track and Criminal Rule 4(C) requires the State to be ever mindful of the one-year deadline.' " Gibson v. State , 910 N.E.2d 263, 268 (Ind. Ct. App. 2009) (citing Leek v. State , 878 N.E.2d 276, 279 (Ind. Ct. App. 2007) ).
[21] During the April 10, 2017 progress hearing, Lindauer advised the trial court that the negotiations were not successful and requested a trial date. Until Lindauer made this request, no trial date had ever been scheduled, despite the State's affirmative duty to bring Lindauer to trial before June 2, 2017.[8] Our court has previously held:
[W]hen, prior to the expiration of the period set by [ Criminal Rule 4 ], the court sets a trial date which is beyond that period and the defendant is or should be aware that the setting is beyond that period, it is his obligation to object at the earliest opportunity so that the court can reset the trial for a date within the proper period. If the defendant sits idly by at a time when the court could yet grant him a trial within the prior period and permits the court, without objection, to set a date beyond that period, he will be deemed to have acquiesced therein.
State v. Black , 947 N.E.2d 503, 508 (Ind. Ct. App. 2011) (citing State v. Delph , 875 N.E.2d 416, 420 (Ind. Ct. App. 2007), trans. denied ).
[22] Here, Lindauer was aware of the Criminal Rule 4(C) timeframe. During the April 10, 2017 hearing, Lindauer advised the trial court about his Criminal Rule 4 right but the trial court nevertheless scheduled the trial date outside this period. While a line of cases describe a defendant's obligation as an "obligation to object at the earliest opportunity," other cases merely state that once a trial court sets a trial date outside the one year period, the defendant must alert the court and file a timely objection. See, e.g., Randall v. State , 474 N.E.2d 76, 84 (Ind. 1985) ; Johnson v. State , 708 N.E.2d 912, 915 (Ind. Ct. App. 1999), trans. denied ; But see contra , e.g. , Schwartz v. State , 708 N.E.2d 34, 36 (Ind. Ct. App. 1999) ; Wheeler v. State , 662 N.E.2d 192, 194 (Ind. Ct. App. 1996). However, all of the cases seem to agree that the purpose of the objection requirement is to permit the trial court to set the trial for a new date within the proper period. See Brown v. State , 725 N.E.2d 823, 825 (Ind. 2000).
[23] While Lindauer might not have explicitly objected at his earliest opportunity-i.e. , at the hearing-it was clear to all parties involved that he was invoking his right to being brought to trial within the Criminal Rule 4 term. Accordingly, as Lindauer timely objected and did not waive his Criminal Rule 4(C) rights, I would affirm the trial court's decision to dismiss the case.

The CCS and transcript reflects that the hearing of June 27, 2017 was continued to August 22, 2016, by Lindauer's written motion. I find that only this 56-day continuance can be attributed to Lindauer and extends the Criminal Rule 4(C) deadline to June 2, 2017.