## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2020, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael A. Campbell
Campbell Law. P.C.
Highland, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

David Edward Jackson, III,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 10, 2020

Court of Appeals Case No. 20A-CR-616

Appeal from the Lake Superior Court

The Honorable Clarence D. Murray, Judge

Trial Court Cause No. 45G02-1803-F4-9

**May, Judge.**

David Edward Jackson III appeals the trial court's denial of his motion to dismiss the State's cause against him for violation of Indiana Criminal Rule 4(C). Because the year that the State had to bring Jackson to trial had not expired, we affirm and remand.

## Facts and Procedural History

On March 14, 2018, the State charged Jackson with Level 4 felony child molesting[1] and Level 5 felony sexual misconduct with a minor[2] for conduct that allegedly occurred in January 2017. The alleged victim gave two statements to police – the first on March 9, 2018, and the second on March 16, 2018. Police arrested Jackson on March 16, 2018, and the trial court held his initial hearing the same day. The trial court set an omnibus hearing for May 7, 2018.

At the omnibus hearing on May 7, 2018, Jackson's counsel withdrew and his new counsel requested a continuance, which the trial court granted. The court reset the omnibus hearing for July 2, 2018. On June 25, 2018, Jackson moved to continue the July 2 omnibus hearing because "[d]epositions have been scheduled for several witnesses on July 12, 2018 and July 19, 2018." (App. Vol. II at 28.) The motion stated "[t]he Defendant accepts all Criminal Rule 4 time

---

[1] Ind. Code § 35-42-4-3(b).

[2] Ind. Code § 35-42-4-9(a).

associated with this request." (*Id.*)  The trial court granted Jackson's motion and rescheduled the omnibus hearing for August 6, 2018.

[4]     On August 6, 2018, Jackson moved to continue the omnibus hearing scheduled for that day.  The trial court granted his motion and rescheduled the omnibus hearing for August 13, 2018.  The Chronological Case Summary ("CCS") indicates the omnibus hearing was "[c]ontinued" and rescheduled for September 28, 2018.  (*Id.* at 6.)  On September 28, 2018, the CCS indicates the hearing was again continued "on defs mtn." (*Id.* at 7.)  The trial court rescheduled the omnibus hearing for November 2, 2018.

[5]     On November 2, 2018, the trial court held the omnibus hearing and the parties agreed to a trial date of February 4, 2019.  The trial court also set a final pre-trial hearing for January 4, 2019.  On January 2, 2019, Jackson filed a motion to continue the January 4 hearing because "[c]ounsel has a conflict and is unavailable." (*Id.* at 35.)  Jackson's motion also stated "[t]he Defendant accepts all Criminal Rule 4 time associated with this request." (*Id.*)  The trial court granted Jackson's motion to continue and rescheduled the hearing for January 10, 2019.

[6]     At the January 10, 2019, hearing, Jackson's counsel withdrew and new counsel appeared.  The trial court scheduled a final pretrial hearing on January 24, 2019.  At the January 24 hearing, Jackson asked to continue the final pretrial hearing to January 31, 2019, because he had been in "extensive negotiations . . . to, uh, get this case . . . resolved." (Supp. Tr. Vol. II at 12.)  The trial court

granted Jackson's request and scheduled a final pretrial hearing for January 31, 2019. The trial court canceled that hearing and scheduled a hearing for February 19, 2019. Jackson's trial did not begin as scheduled on February 4, 2019, and the record does not indicate it was rescheduled.

[7] The trial court continued the February 19, 2019, hearing and rescheduled it for March 19, 2019. On Jackson's motion, the trial court continued the March 19, 2019, hearing until April 23, 2019. On April 23, 2019, the trial court held a hearing as scheduled and set the next hearing in the case for May 31, 2019. The trial court held hearings on May 31, 2019, and July 12, 2019.

[8] The trial court held a hearing on September 20, 2019, and scheduled the next hearing for October 18, 2019. The CCS indicates that at the October 18, 2019, hearing, "[o]n defs mtn, cause reset to 10-25-19 for hrg on determination of counsel & FP." (App. Vol. II at 10) (formatting and abbreviations in original). On October 23, 2019, Jackson filed a motion to continue the October 25 hearing. The State objected to Jackson's motion because "on October 22, 2019, the State of Indiana received evidence that the Defendant left the jurisdiction to go to New Orleans, Louisiana on October 22, 2019[,]" that "the State of Indiana is unaware of any permission granted by this Court allowing the Defendant to travel outside the jurisdiction[,]" and "the State of Indiana has concerns regarding Defendant's flight risk." (*Id*. at 44.) The trial court denied Jackson's motion to continue and held the hearing on October 25, 2019. The trial court noted that Jackson's attorney would not be withdrawing and

continued the remainder of the hearing to December 13, 2019, on Jackson's motion.

[9] On November 12, 2019, Jackson filed a Criminal Rule 4(C) motion to dismiss the charges against him alleging: (1) on September 7, 2018, he became aware of a second videotaped interview with the alleged victim that took place on March 16, 2018; (2) he did not receive a copy of the second videotaped interview with the alleged victim until June 7, 2019; (3) the statements of the alleged victim in the second videotaped interview "contradict[] her statement given in the first video statement . . . [and is] exculpatory and is Brady material that should have been disclosed to the Defendant[;]" and (4) any delay in bringing Jackson to trial was attributable to the State because of "its failure to provide timely discovery." (*Id*. at 49-50.) The State replied, arguing Jackson "never formally raised the discovery dispute in Court and never timely sought to have the Rule 4 time attributable to the State. The discovery question was tendered six (6) months ago and the issue is now moot." (*Id*. at 55.)

[10] The trial court held a hearing on Jackson's motion to dismiss on December 13, 2019. The trial court denied the motion the same day and set a hearing for January 31, 2020. On January 8, 2020, Jackson filed a motion to certify for interlocutory appeal the trial court's order denying Jackson's motion to dismiss. Due to that motion to certify, the court cancelled the hearing set for January 31. On February 14, 2020, the trial court held a hearing on Jackson's motion to certify and granted Jackson's request the same day. On April 13, 2020, our court accepted jurisdiction of Jackson's interlocutory appeal.

# Discussion and Decision

[11] Criminal Rule 4(C) provides, in relevant part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.

The State has an affirmative duty to bring a defendant to trial within one year. *Leek v. State*, 878 N.E.2d 276, 277 (Ind. Ct. App. 2007). A defendant has no obligation to remind the court of the State's duty, nor is a defendant required to take affirmative action to ensure he is brought to trial within that period. *Id.*

[12] Whether delays in the scheduling of trial have occurred and to whom they are chargeable are factual determinations for the trial court, *id.*, and "appellate review is for clear error." *Austin v. State*, 997 N.E.2d 1027, 1040 (Ind. 2013). Thus, we may not reweigh the evidence or reassess witness credibility, and we reverse if we are left "with a definite and firm conviction that a mistake has been made." *Id.* (quoting *State v. Oney*, 993 N.E.2d 157, 161 (Ind. 2013)).

[13] If a defendant takes action that delays the proceeding, "that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not." *Cook v. State*, 810 N.E.2d 1064, 1066-67 (Ind. 2004). "When a continuance is had on motion of the defendant, or

delay in trial is caused by his act, any time limitation contained in the rule shall be extended by the amount of the resulting period of such delay caused thereby." Crim. R. 4(F). "The objective of the rule is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial." *Brown v. State*, 725 N.E.2d 823, 825 (Ind. 2000). Jackson argues the multiple continuances he requested "stem from the State's inexplicable failure to timely provide Jackson with a copy of material evidence concerning the alleged victim." (Br. of Appellant at 12.) Therefore, Jackson asserts, "it would be manifestly unjust to charge delays for continuances sought by Jackson, against Jackson." (*Id.*)[3]

[14] Here, the State filed charges against Jackson on March 14, 2018, and he was arrested on March 16, 2018, from which time the State had 365 days to bring Jackson to trial. From March 16, 2018, to May 7, 2018, 52 days accumulated against this time, as Jackson did not request a continuance and the court did not enter an order indicating the delay was due to court congestion, such that 313 days remained to bring Jackson to trial. On May 7, 2018, Jackson's

---

[3] Jackson seems to argue that his multiple delays occurred because the State did not release a copy of the second interview with the alleged victim for several months, which he claimed resulted in a violation of his rights to exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963). However, Jackson concedes in his brief that "a *Brady* violation did not occur" in his case. (Br. of Appellant at 8.) Further, Jackson did not, in any of his motions to continue, indicate there was an issue with discovery, nor did he file a motion to compel discovery. He mentioned that he had not received a copy of the second interview for the first time in his motion to dismiss. Therefore, his argument that any of the delay caused by his motions to continue are attributable to the State for that reason is waived. *See Hilligoss v. State*, 45 N.E.3d 1228, 1231 (Ind. Ct. App. 2015) (party waives an issue from appellate consideration when he raises for the first time on appeal). Accordingly, we turn to examining the case's timetable to ensure the State has not violated Criminal Rule 4(C).

counsel requested to withdraw, and Jackson's new counsel filed an appearance. Jackson's new counsel asked for a continuance until July 2, 2018, which was 56 days attributable to Jackson, as he requested the continuance.

[15] On Jackson's motion, the trial court rescheduled the July 2, 2018, hearing to August 6, 2018, adding 35 days attributable to Jackson. On August 6, Jackson asked the hearing be rescheduled for August 13, and then again continued to September 28, and finally, November 2, 2018, for another 88 days attributable to Jackson. On November 2, 2018, the parties agreed to a trial date of February 4, 2019, and set a pretrial hearing for January 4, 2019. The period from November 2, 2018, to January 2, 2019, is 61 days attributable to the State, which left 252 days to bring Jackson to trial.

[16] On January 2, 2019, Jackson requested the hearing be rescheduled because of his counsel's conflict until January 10, 2019, a period of 8 days. On January 10, 2019, Jackson's counsel withdrew and his new counsel entered an appearance. Based thereon, Jackson filed a motion to continue and the trial court rescheduled the hearing for January 24, 2019, for 14 days attributable to Jackson. On January 24, 2019, the trial court held a hearing and scheduled another hearing for January 31, 2019, which was rescheduled for February 4 on Jackson's motion, and then reset for February 19, 2019, on Jackson's motion, for a period of 26 days attributable to Jackson. The trial court continued the hearing set for February 19, 2019, until March 19, 2019 – a period of 28 days chargeable to the State – which left 224 days to bring Jackson to trial.

[17]     On March 19, 2019, the trial court rescheduled the hearing on Jackson's motion until April 23, 2019, for a period of 35 days charged to Jackson. On April 23, 2019, the trial court held the hearing as scheduled and scheduled another hearing for May 31, 2019. The trial court held hearings as scheduled on May 31, July 12, and September 20, 2019. At the September 20, 2019, hearing, the trial court scheduled the next hearing for October 18, 2019. The time between April 23 and October 18, 2019, was a period of 178 days that are chargeable against the State pursuant to Indiana Criminal Rule 4(C) and that left 46 days for the State to bring Jackson to trial.

[18]     On October 18, 2019, Jackson requested a continuance until October 25, 2019, a period of 7 days charged against him. On October 23, 2019, Jackson requested a continuance of the October 25 hearing, which the trial court denied. At the October 25, 2019, hearing, Jackson's attorney indicated he would not be withdrawing, but requested a continuance of other matters until December 13, 2019. On November 12, 2019, Jackson filed a motion to dismiss the charges against him based on a violation of Indiana Criminal Rule 4(C). The time between October 25 and November 12 was 18 days charged against Jackson.

[19]     Therefore, when Jackson filed his motion to dismiss, 606 days had passed since he was arrested on March 16, 2018. Of those days, 288 occurred because Jackson requested continuances. Under the 365-day time limit set forth by Indiana Criminal Rule 4(C), the State had used 319 of 365 days. As the State still had 46 days to bring Jackson to trial, the trial court did not err when it denied Jackson's motion to dismiss pursuant to Indiana Criminal Rule 4(C).

*See State v. Lindauer*, 105 N.E.3d 211, 215-6 (Ind. Ct. App. 2018) (court properly denied defendant's motion for dismissal because continuances attributable to defendant did not count toward Criminal Rule 4(C) deadline), *trans. denied*.

# Conclusion

[20] Because Jackson was responsible for a significant portion of the 606 days that elapsed between the date he was arrested and the date he filed his motion to dismiss, the 365 days available to bring Jackson to trial under Criminal Rule 4(C) had not elapsed. Therefore, the trial court did not abuse its discretion when it denied Jackson's motion to dismiss. Accordingly, we affirm and remand for proceedings consistent with this opinion.

[21] Affirmed and remanded.

Riley, J., and Altice, J., concur.