
FILED

Dec 29 2023, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Daylon L. Welliver
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shawn Tyler Miller,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 29, 2023

Court of Appeals Case No.
23A-CR-1793

Appeal from the Vanderburgh
Circuit Court

The Honorable Kelly E. Fink,
Magistrate

Trial Court Cause No.
82C01-2301-F6-35

**Opinion by Judge Bradford**
Judges Vaidik and Brown concur.

**Bradford, Judge.**

# Case Summary

[1] The State charged Shawn Miller with an array of charges after which Miller requested a speedy trial. Three days before his scheduled trial date, the trial court entered a congestion order vacating the trial due to a trial in another case. At a subsequent hearing, the trial court assigned Miller another trial date outside the seventy-day window required after a defendant makes a speedy-trial request. As a result, Miller moved to discharge his case, arguing that the trial court had violated his right to a speedy trial. The trial court denied Miller's request and the case proceeded to trial, after which a jury found Miller guilty of all but one charge. Miller argues that the trial court erred in denying his motion for discharge. We affirm.

# Facts and Procedural History

[2] In December of 2022, Miller had a domestic dispute with his girlfriend, after which the State charged him with two counts of Level 6 felony criminal confinement of his girlfriend and her daughter; Level 6 felony strangulation; Level 6 felony intimidation; and Class A misdemeanor domestic battery. On January 25, 2023, Miller's appointed counsel requested a speedy trial, which made the latest permissible trial date April 5, 2023, and the trial court scheduled trial for April 3, 2022.

[3] On March 31, 2022, three days before Miller's scheduled trial, the trial court entered a congestion order due to a trial in another case, *State v. Woodard*.

According to the trial court's order, "both defendants [were] in custody; however, Defendant Woodard ha[d] been in custody longer than Defendant Miller[.]" Appellant's App. Vol. II p. 38. At a hearing on April 3, 2023, the trial court re-scheduled Miller's jury trial for June 2, 2023—a date to which Miller's counsel agreed. Miller, however, personally objected to "any and all continuances" that would place his trial outside the "70-day calendar day deadline." Tr. Vol. II p. 16. The trial court noted and overruled Miller's objection.

[4] In April and May of 2023, Miller filed *pro-se* motions for discharge and dismissal and asked to terminate counsel and proceed *pro se*. (Appellant's App. Vol. II pp. 48, 54) At a hearing on June 1, 2023, the trial court granted Miller permission to proceed *pro se* and Miller filed another petition for discharge; however, after hearing argument, the trial court denied the motion, finding that the new trial date had been set within a reasonable time. At that same hearing, the parties disputed newly-discovered evidence and Miller requested a one-week continuance to review it. The trial court granted Miller's request and set the trial date for June 9, 2023.

[5] On June 9, 2023, Miller moved for discharge. In this motion, Miller claimed that his case had been pushed due to the trial court's congestion because of *Woodard*, despite there being no early-trial request under Indiana Criminal Rule 4(B) or imminent Criminal Rule 4(A) or (C) deadlines in that case. Woodard was in custody on a probation-revocation petition in cause number 82C01-2106-F6-3252 and not cause number 82C01-2207-F5-3929, which is the case

that the trial court gave priority over Miller's case. Woodard also continued his own trial from November 10, 2022, to April 3, 2023. Citing *Clark v. State*, 659 N.E.2d 548, 551 (Ind. 1995) and a Vanderburgh County local rule, Miller argued to the trial court that his case should have had priority over Woodard's regardless of who had been in custody longer.

[6] The trial court denied Miller's motion, explaining that the Vanderburgh County Superior Court's rule prioritizing Criminal Rule 4(B) cases does not apply to the circuit court. Thus, the case proceeded to trial, at the conclusion of which a jury found Miller guilty of strangulation, intimidation, domestic battery, and one of the confinement charges, and not guilty of the other confinement charge. The trial court sentenced Miller to an aggregate 609-day sentence.

## Discussion and Decision

[7] Miller argues that the trial court violated his Criminal Rule 4(B) right to a speedy trial by continuing his trial beyond the seventy-day deadline. "In reviewing Criminal Rule 4 claims, we review questions of law de novo, and we review factual findings under the clearly erroneous standard." *State v. Harper*, 135 N.E.3d 962, 972 (Ind. Ct. App. 2019), *trans. denied.* When we consider a question of law based on uncontested facts, our standard of review is de novo. *Austin v. State,* 997 N.E.2d 1027, 1039 (Ind. 2013).

[8] Criminal Rule 4(B) aims "to provide functionality to a criminal defendant's fundamental and constitutionally protected right to a speedy trial." *Austin*, 997

N.E.2d at 1037. The rule states that "[i]f any defendant held in jail on any indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion." Crim. R. 4(B)(1). There are, however, certain exceptions to this rule, including "where there was not sufficient time to try [the case] during such seventy (70) calendar days because of the congestion of the court calendar." *Id.* The rule aims "to promote early trials, not to discharge defendants." *Finnegan v. State*, 201 N.E.3d 1186, 1192 (Ind. Ct. App. 2023) (citation omitted), *trans. denied*. Notably, "[i]t is the defendant's obligation to object at the earliest opportunity when his trial date is set beyond the time limits prescribed by Indiana Criminal Rule 4(B)." *Talbott v. State*, 204 N.E.3d 288, 297 (Ind. Ct. App. 2023), *trans. denied*. Failure to object results in the waiver of any speedy-trial request. *Stephenson v. State*, 742 N.E.2d 463, 488 (Ind. 2001).

[9] The State argues that Miller has waived his request for a speedy trial by failing to object, and affirmatively acquiescing to a trial date outside the seventy-day window. For his part, Miller argues that the issue is not waived for two reasons: First, he argues that, because it was impossible to reschedule the trial within the Criminal Rule 4 deadline, no objection was necessary. *See N.E.S. v. State*, 708 N.E.2d 34, 36 (Ind. Ct. App. 1999). Second, Miller claims that even if he had had a duty to object, he did so *pro se* despite his counsel failing to object. We agree with the State that this issue is waived.

[10] First, Miller's reliance on *N.E.S.* is misplaced. In that case, we acknowledged that "'a defendant has no duty to object to the setting of a belated trial when the

setting of the date occurs *after the time expires* such that the court cannot reset the trial date within the time allotted by Crim. R. 4(C). All the defendant needs to do then is move for discharge.'" *Id*. at 36 (quoting *Pearson v. State*, 619 N.E.2d 590, 592 (Ind. Ct. App. 1993)) (emphasis added). Here, however, the trial court entered its congestion order on March 31, 2022, which was a few days *before* Miller's speedy-trial deadline, and the parties scheduled a new trial date before the expiration of that deadline. Therefore, *N.E.S.* does not control.

[11] Second, Miller's objection should have come through his counsel. For example, in *Flowers v. State*, 154 N.E.3d 854, 860 (Ind. Ct. App. 2020), the defendant, while represented by counsel, wrote multiple letters to the trial court requesting a speedy trial, which the chronological-case summary noted as "correspondence to/from Court" and which the trial court acknowledged it had received. We concluded that the trial court did not need to address the defendant's requests because they did not come through his counsel. *Id*. at 867. In this case, although he had been represented by counsel at the time, Miller lodged a *pro-se* objection "to any and all continuances." Tr. Vol. II p. 16. However, once counsel is appointed, a defendant speaks through his counsel and the trial court is not required to respond to the defendant's *pro-se* requests or objections. *Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000). "To require the trial court to respond to both Defendant and counsel would effectively create a hybrid representation to which Defendant is not entitled." *Id*. at 831. While the trial court acknowledged and denied Miller's objection, this does nothing to undermine Miller's counsel of record's agreement to continue the

trial date. Therefore, we conclude that, in the absence of an objection from Miller's counsel, the issue is waived.

[12] The judgment of the trial court is affirmed.

Vaidik, J., and Brown, J., concur.